**James E. REED, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

March 3, 1969.

Richard Allen Paul, Asst. Public Defender, Wilmington, for appellant.

John G. Mulford, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the denial by the Superior Court of a writ of *habeas corpus*. The State has moved to dismiss the appeal on the ground that the denial of a writ of *habeas corpus* is not appealable under Article IV, § 11(1) (b) of the Delaware Constitution, Del.C.Ann.* The State has also answered to the merits.

■ The State's motion to dismiss the appeal is denied. It is controlled by our recent decision of In Matter of Dean, 251 A.2d 347.

The facts are that Reed was sentenced in Pennsylvania for burglary and for carrying a concealed deadly weapon. After serving a portion of his term, he was admitted to parole in 1966 by the Pennsylvania authorities. Before his release to Delaware parole authorities, however, he signed a paper titled "Agreement to Return" which fixed the conditions of his parole and required him to return to Pennsylvania when instructed to do so by the Pennsylvania Board of Parole.

This agreement also required Reed to comply with the conditions of parole fixed by both Pennsylvania and Delaware, and also contained a waiver of extradition to Pennsylvania.

Reed upon his admission to parole was delivered to Delaware on a detainer warrant for unlawful entry and several traffic offenses. He was admitted to bail in Delaware to await trial on these charges.

* Article IV, § 11(1) (b) permits appeals in criminal causes only after final judgment.

While on bail he was charged with larceny of a motor vehicle and with several more traffic offenses. His bail was revoked and ultimately he was sentenced on all charges with a short-time release date of July 27, 1968.

Pennsylvania lodged a detainer warrant for parole violation with the Delaware authorities who indicated that formal extradition would not be complied with, but that Reed would be summarily turned over to Pennsylvania on its detainer warrant.

Reed petitioned the Superior Court for *habeas corpus* which was denied after hearing. Reed, however, was granted a certificate of reasonable doubt and admitted to bail pending appeal to this court.

Basically, a single question is presented for decision. Did Reed waive extradition to Pennsylvania?

The waiver of extradition to Pennsylvania for parole violation is contained in the "Agreement to Return" executed by Reed prior to his release on parole by Pennsylvania. Reed testified that he signed without advice of counsel and without knowing the meaning of what he signed. At the hearing, however, the Senior Parole Counsellor of the Pennsylvania institution at which Reed was confined prior to his parole testified that before a prisoner is released on parole the "Agreement to Return" is explained in detail to him before he signs. In addition, during the *month* preceding release *on* parole, a pre-release parole class is held in which further explanation of the conditions of parole and the waiver of extradition is explained to all prospective parolees.

■ The trial judge obviously accepted the parole officer's testimony and was of the opinion that Reed had received full explanation of the conditions of his parole and of the fact that he was waiving any right to extradition in the event of a parole violation taking place outside of Penn-

sylvania. This conclusion, we think, is fully supported by the record.

■ Furthermore, we think the explanation given Reed was fully sufficient to meet the due process requirements of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, for the waiver of a constitutional right. The rule as stated in that case is that a waiver of a constitutional right must be intelligently made with the intention to abandon it. We have no doubt that Reed knew what he was doing and that his parole in Pennsylvania was conditioned upon the waiver.

Reed, however, argues further that his waiver is ineffective because he was not afforded the advice of counsel when he made it. He cites Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 in support.

■ The *Mempa* case, however, holds only, as a further expansion of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, that the constitutional right of an accused to the assistance of counsel extends to every stage of a criminal proceeding where the substantial rights of the accused may be affected. Clearly, neither the session with the parole counsellor nor the prerelease parole class was such critical stage of the criminal process. Cf. Lawson v. Coiner, D.C., 291 F.Supp. 79 and Wingo v. Lyons (Ky.), 432 S.W.2d 821.

■ In Reed's case, he had long since been sentenced at the time when, as an administrative act of grace, Pennsylvania admitted him to parole. At this time, no substantial right of his was in issue. Pennsylvania was free to impose such reasonable conditions upon his parole as it desired, including the requirement that he waive extradition. Accordingly, the *Mempa* case is entirely inapposite.

The judgment below is affirmed.