EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ISMAEL GUZMÁN VÉLEZ, acusado y apelante.

*Número:* CR-71-27      *Resuelto:* 2 de noviembre de 1971

*Santos P. Amadeo* y *Jaime Corujo Collazo*, abogados del apelante; *Gilberto Gierbolini, Procurador General*, y *Rurico E. Rivera Rivera, Procurador General Auxiliar*, abogados de El Pueblo.

PER CURIAM: Se nos solicita la revocación de nuestra opinión en el caso de *Pueblo* v. *Rivera Suárez*, 94 D.P.R. 510 (1967). En dicho caso decidimos que es discrecional del juez permitir que se continúe un proceso criminal por tribunal de derecho, luego de comenzado el proceso ante jurado.

Ismael Guzmán Vélez fue acusado, juzgado y convicto por los delitos de asesinato en primer grado, ataque para cometer asesinato e infracción a los Arts. 6 y 8 de la Ley de Armas, siendo sentenciado en la siguiente forma: reclusión perpetua con trabajos forzados por el delito de asesinato en primer grado; de uno a diez años de presidio con trabajos forzados por el delito de ataque para cometer asesinato; de uno a cinco años con trabajos forzados por infracción al Art. 8 de la Ley de Armas; y un año de cárcel por infracción al Art. 6 de la Ley de Armas. Dichas sentencias a cumplirse concurrentemente con la de reclusión perpetua.

Durante el juicio, luego de presentada la prueba de cargo y después de haber comenzado a desfilar la de la defensa, el apelante solicitó que se excusara al jurado y que el proceso se continuara por tribunal de derecho. El juez dispuso de la solicitud de la siguiente manera:

"Hon. Juez: El Tribunal quiere hacer constar que el acusado solicitó un receso y durante el mismo solicitó renunciar al jurado y continuar el caso por Tribunal de Derecho y no aceptando el Tribunal a la altura que está el proceso del caso y seguirá viéndose por jurado hasta el fin."

El apelante señala como único error que: "erró el Juez sentenciador al no permitir que el acusado apelante renunciara al derecho a juicio por jurado una vez que había empezado el juicio, ya que en Puerto Rico, distinto a otras jurisdicciones, es un derecho absoluto del acusado el solicitar juicio por jurado, así como el derecho a renunciarlo en cualquier etapa del procedimiento. Para hacer esta renuncia no es necesario el consentimiento del juez ni del fiscal."

En *Pueblo* v. *Rivera Suárez*, supra, pág. 515, dijimos lo siguiente:

"La práctica prevaleciente en esta jurisdicción a la fecha en que se celebró el juicio—24 de septiembre de 1962—y la ahora vigente en virtud de lo dispuesto en la Regla 111 de las de Procedimiento Criminal, no obliga a un acusado a que su caso se vea por jurado. Distinto a la tradición imperante en los Estados Unidos, hemos visto que en nuestro medio el juicio por jurado, si bien actualmente es un derecho garantizado constitucionalmente, no es un ingrediente esencial en nuestro procedimiento. Siempre se ha reconocido el derecho del acusado a renunciarlo.

. . . Ahora bien, esa renuncia debe hacerla el acusado antes de comenzar el juicio. En ese momento es un derecho que el acusado tiene y al ejercitarlo debe ser sostenido por el tribunal. Pero la situación es distinta cuando luego de optar porque el caso se vea ante jurado y comenzado el mismo cambie de parecer y opte por renunciar a ello. En ese caso ya se ha movido la maquinaria de la justicia de acuerdo con lo pedido por el acusado, y es discreción de la corte concederlo o no. *Pueblo* v. *Hernández,* 55 D.P.R. 954 (1940) y ver además *Pueblo* v. *Plata,* 43 D.P.R. 464 (1932). En el presente caso el acusado pretendió renunciar al jurado en el momento en que lo hizo, evidentemente influido por las manifestaciones del juez transcritas anteriormente. Las mismas podían interpretarse en el sentido de que el

juez favorecía la posición de la defensa. El juez posiblemente entendió que el acusado así lo interpretaba y que inducido por esa interpretación, tal vez equivocada, fue que solicitó que el juicio continuara por tribunal de derecho. El juez actuó prudentemente al denegar lo pedido. Por situaciones como éstas u otras análogas, es que debe ser discrecional del juez que preside un juicio el acceder a que el mismo continúe por tribunal de derecho una vez comenzado a ventilarse ante un jurado."

El apelante arguye que nuestra decisión en el caso de *Rivera Suárez* es contraria a la interpretación que la Asamblea Constituyente de Puerto Rico dio al Art. II, Sec. 11, Inciso 2, de nuestra Constitución, que garantiza el derecho a juicio por jurado en Puerto Rico, en el sentido de que tanto el derecho a juicio por jurado como el derecho a renunciarlo son absolutos.

En apoyo a su contención trae a nuestra consideración el incidente ocurrido durante la Asamblea Constituyente entre los señores Fernández Méndez y Benítez en relación con este asunto. Véase *Diario de Sesiones de la Convención Constituyente de Puerto Rico*, edición 1961, tomo 3, págs. 1598 a 1599. En la discusión al respecto el señor Fernández Méndez propuso una enmienda al proyecto de Constitución "al efecto de que el juicio por jurado podrá ser renunciado por el acusado en la forma que se disponga por ley", ya que de no haber tal cláusula "el derecho a juicio es una protección y un manto que le da el Estado al individuo y que éste no puede renunciar." Añade el señor Fernández Méndez, acto seguido: "La pregunta es que si la intención es que sea renunciable."

A dicha propuesta el señor Benítez expresó su creencia de que "el derecho a juicio por jurado es renunciable en Estados Unidos en una gran cantidad de las jurisdicciones y así se ha hecho por ser un derecho y una potestad del ciudadano que él puede ejercitar o puede en un momento dado preferir ser juzgado por jueces, y debe tener la alternativa de una cosa o la otra." Además, dijo el señor Benítez: ". . . es

el propósito de la comisión que se estatuya y se establezca el derecho a juicio por jurado como una protección al ciudadano, que en la forma en que aquí se establece no se le podrá quitar; pero que el ciudadano, en el ejercicio de su derecho, podría renunciar."

Para dejar demostrado que el juicio por jurado es renunciable el señor Benítez enfatizó la diferencia existente entre la fraseología de algunas constituciones estatales con la del proyecto de Constitución objeto de la discusión agregando: ". . . donde las constituciones dicen que todos los juicios penales—como algunas lo dicen—serán por jurado y entonces ya ésta es una situación distinta de que cuando se dice 'el acusado tendrá el derecho a juicio por jurado.' Disponiendo así el articulado nuestro que éste es un derecho del acusado que se establece taxativamente como algo que a él le corresponde . . . ."

Como consecuencia de la discusión aludida la enmienda propuesta por el señor Fernández Méndez fue derrotada.

■ A nuestro juicio lo único que se establece en la anterior discusión es que el derecho a juicio por jurado es renunciable. La prerrogativa de renunciar a un derecho constitucional, según expresara con gran claridad el Juez Warren en el caso de *Singer* v. *United States*, 380 U.S. 24 (1965), no quiere decir necesariamente que pueda insistirse en lo contrario a dicho derecho. Al respecto dijo el Juez Warren:

". . . La capacidad de renunciar un derecho constitucional de ordinario no conlleva el derecho a insistir en lo contrario a tal derecho. Por ejemplo, aun cuando un acusado puede, bajo ciertas circunstancias, renunciar a su derecho constitucional a un juicio público, éste no tiene un derecho absoluto a exigir un juicio privado, véase United States v. Kobli, 172 F.2d 919, 924 (CA 3d Cir 1949) (por implicación); aunque puede renunciar su derecho a ser juzgado en el estado y distrito donde se haya cometido el delito, no puede exigir en todos los casos que se transfiera el caso a otro distrito. Véanse Platt v. Minnesota Mining & Mfg. Co., 376 US 240, 245, 11 L ed 2d 674, 678, 84 S Ct

769; Kersten v United States, 161 F2d 337, 339 (CA 10th Cir 1947), certiorari denegado, 331 US 851, 91 L ed 1859, 67 S Ct 1744; y aunque puede renunciar a su derecho a confrontarse con los testigos en su contra, nunca se ha sugerido seriamente que pueda obligar al gobierno a ventilar el caso por estipulación." United States Supreme Court Reports, tomo 13, pág. 638.

■ No perdamos de vista que el derecho que garantiza nuestra Constitución es el de juicio por jurado, no el de la renuncia al jurado, y aunque taxativamente la Constitución no expresa este último derecho es claro que la Convención Constituyente quiso que pudiera ejercerse. Tal intención no significa que el acusado tenga derecho a insistir en un juicio por tribunal de derecho una vez haya ejercido el derecho a que se ventile por jurado y que, como cuestión de hecho el juicio haya comenzado. Reiteramos que siendo el juicio por jurado un derecho con rango constitucional, no constituye violación del mismo el que el juzgador en el uso de su sana discreción se niegue a aceptar la renuncia a ese derecho luego de comenzada la vista del caso y la presentación de la prueba. Tal actuación del juez de instancia no viola el debido procedimiento de ley. Por el contrario, su negativa conlleva el disfrute del derecho que precisamente le garantiza la Constitución.

■ Por los fundamentos expuestos nos ratificamos en nuestra opinión en el caso de *Pueblo* v. *Rivera Suárez*, supra.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Caguas, el 22 de junio de 1967.*

El Juez Presidente Señor Negrón Fernández no intervino.