José Galíndez, peticionario y apelante, *v.* Pedro Juan Rodríguez Fortier, Superintendente de la Cárcel de Distrito de San Juan, demandado.

*Número:* O-74-12     *Resuelto:* 29 de octubre de 1974

*Santos P. Amadeo, José Enrique Amadeo* y *Manuel García Marrero,* abogados del peticionario-apelante; *Myriam Naveira de Rodón, Procuradora General, Peter Ortiz, Subprocurador General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados del demandado.

PER CURIAM: Un gran jurado del estado de Nueva York expidió acusación contra el peticionario apelante imputándole la comisión de asesinato en primer grado. Se solicitó su extradición a base de dicha acusación y de la declaración jurada sometida por el fiscal del distrito neoyorquino correspondiente. Se ordenó el arresto y encarcelación del apelante en Puerto Rico tras el trámite de rigor y éste acudió al recurso de hábeas corpus que provee nuestra ley. Ley Núm. 4 de 24 de mayo de 1960, Art. 10, 34 L.P.R.A. sec. 1881i. Tras la vista requerida se denegó el mismo y el apelante recurre ante este Tribunal. El único error señalado es que se violó la cláusula del debido proceso de ley por no celebrarse una vista administrativa, bien ante el señor Gobernador o su designado.

■ No le asiste razón al apelante. En una larga serie de decisiones, el Tribunal Supremo de Estados Unidos ha resuelto que la celebración de tal vista administrativa no es necesaria. *Munsey* v. *Clough*, 196 U.S. 364 (1905); *Marbles* v. *Creecy*, 215 U.S. 63 (1909) (ver la jurisprudencia citada en este último caso a la pág. 68). Según resume Wharton la situación de ley, "No se requiere ni la celebración de una vista ante el Gobernador ni la notificación a la persona acusada como paso preliminar para la expedición del documento de extradición interestatal. Resolver lo contrario convertiría a menudo en inútiles la disposición constitucional y los estatutos concernidos." 4 Wharton's *Criminal Law and Procedure* 372, 1957 ed. La expresión de Wharton es posterior a la adopción por la mayoría de los estados miembros de la Unión Americana de la Ley Uniforme de Extradición Criminal, 9 *Uniform Laws Anno.* 258, de la cual deriva, con variantes, nuestro propio estatuto.

La expresión de Wharton halla sólido apoyo en los comentaristas posteriores, opinándose que la Ley Uniforme no alteró la situación anterior. *Interstate Rendition and the Fourth Amendment*, 24 Rutgers L. Rev. 551, 557 (1970). La jurisprudencia federal reciente es al mismo efecto que la citada de principios de siglo. *Martin* v. *State of Maryland*, 287 A.2d 823 (U.S. App. D.C., 1972); *Gibson* v. *Beall*, 249 F.2d 489 (D.C. Cir. 1957). Cuando la solicitud de extradición se basa desnudamente en una simple declaración jurada de un funcionario del estado requirente es posible que surjan problemas bajo nuestro equivalente de la cuarta enmienda a la Constitución de Estados Unidos, 24 Rutgers L. Rev. 551, 585 *et seq.*, *supra.* Tal no es el caso aquí, sin embargo, ya que el requerimiento se hizo después que un gran jurado en Nueva York formuló acusación contra el apelante.

■ La regla vigente sobre la discreción que tiene el Gobernador de celebrar o no una vista administrativa es especialmente entendible a la luz de las disposiciones del Art. 4 de

nuestra ley, 34 L.P.R.A. sec. 1881i, la cual le reconoce a la persona arrestada para fines de extradición el derecho a la radicación de un auto de hábeas corpus si es que desea atacar la legalidad del arresto.

Por los fundamentos expuestos, *se confirmará la resolución recurrida.*