José Félix Sánchez Ayala, demandante y apelante, v. Pedro Juan Rodríguez Fortier, Superintendente Cárcel de Distrito de San Juan, demandado y apelado.

Número: O-75-456    Resuelto: 19 de mayo de 1976

Santos P. Amadeo y José Enrique Amadeo, abogados del apelante; Miriam Naveira de Rodón, Procuradora General, y Justo Gorbea Varona, Procurador General Auxiliar, abogados del apelado.

El Juez Asociado Señor Dávila emitió la opinión del Tribunal.

José Félix Sánchez Ayala, conocido por José Ortiz y por Luis Ojeda, fue arrestado el 19 de mayo de 1975. Se le requiere por el Estado de Connecticut para que responda por el delito de haberse evadido el 27 de febrero de 1970 del Hartford Correctional Center, institución en la que se encontraba detenido pendiente de que se le celebrara juicio por el delito de venta de narcóticos.

A solicitud del Departamento de Justicia, el 20 de mayo de 1975 se celebró vista de extradición en el Tribunal Superior, Sala de San Juan. En la vista el apelante renunció por escrito su derecho a atacar el procedimiento de extradición mediante el recurso de hábeas corpus y accedió a ser entregado inmediatamente a las autoridades del estado reclamante. Se ordenó su ingreso en la Cárcel de Distrito de San Juan hasta tanto fuese trasladado a Connecticut. Sánchez Ayala estuvo representado durante la vista por un abogado de la Sociedad de Asistencia Legal.

Dos días después, el 22 de mayo, el apelante, representado esta vez por otro abogado, Santos P. Amadeo, solicitó se dejara sin efecto la orden de extradición. Al denegársele la petición, presentó recurso de hábeas corpus el 27 de mayo. El tribunal expidió auto preliminar y señaló el 6 de junio de 1975 para la celebración de la vista. La Sala de San Juan del Tribunal Superior, Figueroa, J., denegó el recurso fundándose en que el permitir que el peticionario retirara su renuncia, vistas las circunstancias en que se produjo, dependía de la sana discreción del tribunal y no habiendo razón alguna de peso, en este caso no se justificaba ejercitarla.

Inconforme el peticionario recurre ante este Tribunal alegando que nada hay en derecho que le impida atacar el procedimiento de extradición mediante la presentación de un hábeas corpus. No tiene razón.

■ La Ley Uniforme de Extradición (¹) Criminal de Puerto Rico, Ley Núm. 4 de 24 de mayo de 1960, 34 L.P.R.A. sec. 1881 *et seq.*, en su Art. 26 permite renunciar al procedimiento de extradición. Establece que podrá renunciarlo cualquier persona arrestada en Puerto Rico por haber cometido un delito en otro estado o por haberse escapado de una prisión. Podrá renunciar a la expedición y diligenciamiento del mandamiento de arresto y a otros procedimientos incidentales a la extradición, como la presentación de un recurso de hábeas corpus para cuestionar la misma. La renuncia se hará redactando o suscribiendo un escrito, ante un magistrado del Tribunal Superior, en el cual el detenido consienta a ser trasladado al estado reclamante. (²)

---

(¹) Extradición es la rendición por un estado a otro de personas que se encuentran dentro de su jurisdicción y que alegadamente han cometido o han sido convictos de algún delito en el territorio del estado reclamante, con el propósito de que puedan ser sometidos a las leyes penales de ese estado. Kopelman, *"Extradition & Rendition"*, 14 B.U.L. Rev. 591, 624 (1934). Es la extradición solamente un paso para asegurar el arresto y la detención del extraditado. *Salvail* v. *Sharkey*, 271 A.2d 814, 817 (Sup. Ct. R.I. 1970).

(²) Así reza textualmente el Art. 26:

"§ 1881y. *Renuncia escrita al procedimiento de extradición*

"Cualquier persona que se arreste en Puerto Rico por estar acusada de haber cometido un delito en otro estado, o por haber escapado de prisión o violado las condiciones de la fianza, libertad a prueba o libertad bajo palabra puede renunciar a la expedición y diligenciamiento del mandamiento provisto en las secs. 1881f y 1881g de este título, y todo otro procedimiento incidental a la extradición, redactando o suscribiendo en presencia de uno de los jueces del Tribunal Superior de Puerto Rico un escrito en el cual afirme que consiente en ser trasladada al estado demandante; Disponiéndose, sin embargo, que antes de que dicha renuncia se redacte y se suscriba por dicha persona, será el deber de dicho magistrado de informarle sobre sus derechos a que se expida y se diligencie un mandamiento de arresto para extradición y radicar el recurso de hábeas corpus dispuesto en la sec. 1881i de este título.

"Cuando dicho consentimiento sea debidamente formalizado deberá ser remitido sin dilación a la oficina del Gobernador de Puerto Rico y allí radicado. El magistrado ordenará al funcionario que tenga dicha persona bajo su custodia que la entregue sin tardanza al agente o agentes debidamente acreditados del estado demandante, y hará entrega o dispondrá que se les haga entrega a dicho agente o agentes de copia de dicho consenti-

El Art. 10 (34 L.P.R.A. sec. 1881i),[3] garantiza al detenido el derecho a atacar la legalidad del arresto mediante la radicación de un recurso de hábeas corpus.

■ Una renuncia al procedimiento de extradición veda la radicación posteriormente de un recurso de hábeas corpus, para atacar la extradición a menos que se demuestre que la renuncia no fue voluntaria. *Fugate* v. *Gaffney*, 313 F.Supp. 128, 143 (D. Nebr. 1970); *Reed* v. *State*, 251 A.2d 549, 551 (Sup. Ct. Del. 1969); *In re Greenough*, 75 A.2d 569, 574 (Sup. Ct. Vt. 1950).

Sánchez Ayala, por medio de su abogado, aceptó en la vista del hábeas corpus que su renuncia[4] había sido válida e

---

miento; Disponiéndose, sin embargo, que nada en esta sección se interpretará como una limitación a los derechos de la persona acusada a regresar voluntariamente y sin formalidades al estado demandante; como tampoco se interpretará este procedimiento de renuncia como un procedimiento único y exclusivo, o que limita las facultades, derechos o deberes de los funcionarios del estado demandante, o del Estado Libre Asociado de Puerto Rico.—Mayo 24, 1960, Núm. 4, p. 4, art. 26, ef. 30 días después de Mayo 24, 1960."

[3] "§ 1881i. *Derechos del acusado; recurso de hábeas corpus*

"Ninguna persona arrestada mediante tal mandamiento podrá ser entregada al agente designado por las autoridades ejecutivas del estado reclamante para recibirlo, sin antes habérsele conducido, sin dilación, ante un juez del Tribunal Superior de Puerto Rico, quien informará al acusado de la demanda entablada para su entrega, el delito del cual se le acusa y de su derecho a reclamar y obtener los servicios de un abogado. Si el acusado o su abogado manifestaran su intención de atacar la legalidad del arresto, el juez fijará un plazo razonable para la radicación de un recurso de hábeas corpus. Al radicarse dicho recurso se notificará del mismo al fiscal de la jurisdicción donde se practique el arresto y al agente designado por las autoridades ejecutivas del estado reclamante para recibirlo, así como de la fecha, lugar y hora en que habrá de celebrarse la vista; Disponiéndose, que el juez del Tribunal Superior fijará a la persona detenida una fianza, según se dispone en la Sec. 1881o de este título, u ordenará su ingreso en la cárcel mientras se tramita y se resuelve el recurso de hábeas corpus.—Mayo 24, 1960, Núm. 4, p. 4, art. 10, ef. 30 días después de Mayo 24, 1960."

[4] "YO, JOSE ORTIZ c/p LUIS OJEDA, prófugo de la Justicia del ESTADO DE CONNECTICUT y a quien se me imputa en aquella jurisdicción de delito de LEY DE FUGA (NARCOTICOS) habiéndoseme llevado ante un Juez del Tribunal Superior de Puerto Rico, Sala de SAN

inteligentemente emitida. (T.E. págs. 10 y 11.) Es generalmente aceptado que los derechos que tiene un acusado son renunciables. *Pueblo* v. *Arcelay Galán,* 102 D.P.R. 409 (1974) ; *Pueblo* v. *Guzmán Vélez,* 100 D.P.R. 198, 202 (1971).

■ El apelante no puede ahora cambiar de opinión y atacar mediante hábeas corpus el procedimiento de extradición antes renunciado. Una vez una renuncia se hace válida, concienzuda e inteligentemente, es irrevocable. En *Notter* v. *Beasley,* 166 N.E.2d 643 (Sup. Ct. Ind. 1960), caso de hechos similares al de autos, el Tribunal Supremo de Indiana se expresó a la pág. 646 en cuanto a la pretendida revocación mediante hábeas corpus de una renuncia de los procedimientos de extradición anteriormente otorgada por el apelante:

"En la argumentación oral, sin embargo, sus abogados sostuvieron que el apelante tenía el privilegio de negar o revocar tal renuncia y que lo hizo radicando una petición de hábeas corpus . . . . Una parte no tiene el privilegio, después de renunciar un derecho en un proceso legal, de revocar o retirar la renuncia sin el consentimiento de la parte a la cual se le hace . . . . La inseguridad creada si esa vacilación se permite resultaría en una burla al proceso judicial."

■ Los planteamientos sobre la falta de identidad y la ilegalidad del procedimiento de extradición carecen de méritos. La jurisprudencia ha establecido una presunción al efecto de que hay identidad entre el acusado y la persona

JUAN, y por él informado de la solicitud hecha para mi entrega y de los delitos que se me imputan en el Estado Demandante, y del derecho a enfrentarme a un procedimiento de extradición para cuestionar la legalidad de mi arresto, por la presente renuncio libre y voluntariamente a la emisión de un auto de HÁBEAS CORPUS y consiento mi entrega al Estado de CONNECTICUT.

"EN TESTIMONIO DE LO CUAL, juro y firmo la presente, hoy día 5 de Mayo de 1975.

"(Firmado)

"JOSE ORTIZ c/p LUIS OJEDA
REQUERIDO"

requerida por el estado reclamante, a menos que el acusado pruebe lo contrario. *Notter* v. *Beasley*, supra, pág. 648; *Evans* v. *Rosenberger*, 181 N.W.2d 152, 156 (Sup. Ct. Iowa 1970); *In Re Degina*, 228 A.2d 74, 77 (Sup. Ct. N.J. 1967); *Salvail* v. *Sharkey*, 271 A.2d 814 (Sup. Ct. R.I. 1970). Igualmente, el procedimiento de extradición se considera legal y válido a menos que el extraditado pruebe lo contrario. *Raftery ex rel Huie Fong* v. *Bligh*, 55 F.2d 189, 193 (1st. Cir. 1932); *Capra* v. *Miller*, 442 P.2d 636, 638 (Sup. Ct. Colo. 1967); *Gambrell* v. *Bridges*, 96 So.2d 178, 180 (Cir. Ct. App. Ala. 1956); Note, 22 Minn. L. Rev. 431 (1937–38). El apelante no ha rebatido tales presunciones. Al contrario, Sánchez Ayala firmó la renuncia con uno de sus *alias* al igual que aceptó la legalidad de los procedimientos al renunciar a los mismos y aceptar ser entregado con prontitud a los agentes del estado de Connecticut.

*Se confirmará la sentencia recurrida.*

