# 2001 DTA 137

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN
PANEL III**

EL PUEBLO DE PUERTO RICO
Apelado

v.

NEIL SALAZAR A/K/A GARY LAMBERT
Apelante

Núm. KLAN-2001-00083

San Juan, Puerto Rico, a 26 de marzo de 2001

Panel integrado por su Presidente, el Juez Negrón Soto,
y los Jueces Segarra Olivero y Negroni Cintrón

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Neil Salazar, en adelante el apelante, nos solicita la revocación del dictamen emitido en corte abierta por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante el cual se declaró sin lugar la solicitud de *hábeas corpus* presentada por éste.

Por los fundamentos que exponemos a continuación, confirmamos la sentencia apelada.

### I

De los documentos que obran ante nos, se desprende que el apelante fue acusado en el Estado de la Florida, Estados Unidos, por el delito de asesinato en primer grado, alegadamente cometido el 24 de noviembre de 1999 en dicha jurisdicción. El 21 de marzo de 2000, el agente R. Hoadley, adscrito a la División de Homicidios de la Policía Estatal de Miami-Dade, compareció al Tribunal del Condado de Dade y prestó testimonio bajo juramento indicativo de que el aquí apelante había cometido el delito de asesinato en primer grado. El agente Hoadley también presentó una declaración jurada en la que se relatan los hechos del caso, de acuerdo con la investigación que realizó. En esa misma fecha, el Tribunal del Condado de Dade expidió un mandamiento de arresto contra el apelante.

Así las cosas, el 27 de abril de 2000, el apelante fue detenido en St. Vincent por alguaciles federales. Posteriormente, el 26 de julio de 2000, éste fue trasladado a Puerto Rico y, al día siguiente, fue entregado al agente Jorge L. Guzmán de la División de Extradiciones de la Policía de Puerto Rico. El agente Guzmán preparó un informe de arresto ■ y condujo al apelante ante el Tribunal de Primera Instancia. El agente Guzmán presentó ante el Tribunal *a quo* una querella y declaración jurada en la que indicó que tenía motivos fundados para creer que el apelante era requerido por el Estado de la Florida para extradición por la comisión del delito de asesinato. Al así actuar, cumplió con el procedimiento establecido en el Artículo 14 de la Ley Uniforme de Extradición Criminal de Puerto Rico, Ley Núm. 4 de 24 de mayo de 1960 (en adelante Ley Núm. 4), 34 L.P.R.A. sec. 1881 (m). El 27 de julio de 2000, el Tribunal de Primera Instancia determinó que existía causa probable contra el apelante, quien fue ingresado en prisión al no poder prestar la fianza que se le impuso.

En agosto de 2000, el Gobernador del Estado de la Florida le solicitó formalmente al Gobernador del Estado Libre Asociado de Puerto Rico la extradición del apelante.

El 14 de diciembre de 2000, el apelante presentó una petición de *hábeas corpus* ante el Tribunal de Primera Instancia, Sala Superior de San Juan. El 22 de diciembre de 2000, se celebró una vista evidenciaria para el procedimiento de extradición. Según surge de la minuta de la vista celebrada en esa fecha, el Tribunal apelado declaró sin lugar la petición de *hábeas corpus* del apelante por los siguientes fundamentos:

*"El Tribunal indica que el procedimiento de extradición es uno sumario, donde el requerido no puede levantar defensas en los méritos del delito por el cual está siendo extraditado. Aunque la persona requerida puede presentar un recurso de Hábeas Corpus para cuestionar la legalidad de la detención, el ámbito de cuestionar su impugnación es limitado por la jurisprudencia en los siguientes cuatro aspectos: (1) si los documentos de extradición de su faz están en orden; (2) si el requerido ha sido acusado, imputado en el estado reclamante; (3) que el requerido no es la persona reclamada; (4) que el requerido es un fugitivo.*

*La jurisprudencia generalmente reconoce que una vez el Gobernador de un Estado, en este caso P.R., autoriza la demanda, establece una presunción de haber cumplido con todos los requisitos de ley, incluyendo el aspecto de identidad de la persona requerida, correspondería a la parte requerida impugnar esa presunción, lo cual no se ha hecho en este caso, por lo que se declara [sin] lugar la petición de Hábeas Corpus y se ordena el ingreso, de conformidad con la sentencia a ser dictada en el día de hoy."*

En esa misma fecha, se emitió la sentencia mediante la cual se declaró con lugar la solicitud de extradición contra el apelante. Inconforme con lo resuelto por el Tribunal de Primera Instancia, ■ el apelante acude ante nos

279

mediante el presente recurso de apelación en el que sostiene que dicho Foro erró al:

*"1) declarar sin lugar el Hábeas Corpus, aun cuando la Honorable Juez de Investigaciones determinó causa probable para arresto en contravención a la Regla 64, en sus incisos (o) y (p). Dicha determinación se hizo no conforme a derecho, ni existe la posibilidad de que él haya sido el que cometió los delitos, ya que se encontraba encarcelado. El Juez no tuvo ante sí documentos que autorizaran el traslado del apelante de St. Vincent a Puerto Rico.*

*2) permitir la extradición, contrario a las disposiciones del procedimiento de extradición que permite cuestionar la legalidad de una detención cuando hay duda cierta sobre la persona reclamada en extradición.*

*3) detener encarcelado al apelante en una institución penitenciaria del país sin el mismo haber cometido delito alguno en nuestra jurisdicción."*

Habiendo la parte apelada presentado su alegato, nos encontramos en posición de resolver.

## II

La Ley Núm. 4, *supra*, gobierna, en nuestra jurisdicción, el procedimiento para la rendición de personas que se encuentren dentro del territorio de Puerto Rico y que hubieran cometido delitos o hubiesen sido convictos en la jurisdicción reclamante, con el propósito de que puedan ser sometidos a las leyes penales de esta última. *Sánchez v. Superintendente Cárcel*, 104 D.P.R. 862, 864 (1976).

El estatuto le impone al Gobernador del Estado Libre Asociado de Puerto Rico *"el deber de hacer que se arreste y se entregue a las autoridades ejecutivas de cualquier Estado a toda otra persona que habiendo sido acusada de traición, delito grave u otro delito en dicho Estado, hubiere huido de la justicia y se encontrare en el Estado Libre Asociado de Puerto Rico."* Art. 2 de la Ley Núm. 4, 34 L.P.R.A. sec. 1881a.

De ordinario, se contempla la presentación de una solicitud o demanda por escrito ante el Gobernador de Puerto Rico por las autoridades del Estado reclamante, la cual debe exponer que el acusado estaba en dicho Estado a la fecha de la comisión del delito y que posteriormente huyó del Estado. La demanda debe estar acompañada de la acusación ante un Gran Jurado o fiscal o por una declaración jurada ante un magistrado del Estado reclamante, juntamente con cualquier mandamiento de arresto emitido por el referido Estado. La acusación del Gran Jurado, la acusación fiscal o declaración jurada ante un magistrado, deberán imputar sustancialmente a la persona reclamada la comisión de un delito bajo las leyes del Estado reclamante. Dichos documentos deben autenticarse por las autoridades correspondientes. Art. 3 de la Ley Núm. 4, 34 L.P.R.A. sec. 1881b.

El Art. 10 de la Ley Núm. 4, 34 L.P.R.A. sec. 1888(i), le provee al detenido el derecho a atacar la legalidad del arresto y cuestionar el procedimiento de extradición mediante la radicación de un recurso de *hábeas corpus*. *Sánchez v. Superintendente de la Policía, supra; Galíndez v. Rodríguez Fortier*, 102 D.P.R. 714 (1974).

Es a través del mecanismo de *hábeas corpus* que una persona que se encuentra detenida como consecuencia de un procedimiento de extradición, puede atacar la validez de dicho procedimiento. ■

El Tribunal Supremo de Estados Unidos ha limitado la efectividad del *hábeas corpus* para cuestionar la validez de la demanda de extradición. *Michigan v. Doran*, 439 U.S. 282 (1978). Véase, además, D. Rivé Rivera, *Recursos Extraordinarios*, San Juan, Programa de Educación Jurídica Continua, Facultad de Derecho, Univ. Interamericana de P.R., 1996, pág. 151. Se ha resuelto que los tribunales que estén considerando una petición de *hábeas corpus* en un proceso de extradición, una vez radicada la demanda, sólo pueden examinar lo siguiente: (a) si los documentos de extradición de su faz están correctos; (b) si el peticionado ha sido acusado de un delito en el Estado reclamante; (c) si el peticionado es la persona a que se refiere la solicitud de extradición; y (d) si el

peticionado es un fugitivo. *California v. Superior Court of California*, 482 U.S. 400 (1987); *Michigan v. Doran, supra*, a la pág. 289.

Por otro lado, la propia Ley Núm. 4 establece que la culpabilidad o inocencia del acusado en cuanto al delito que se le imputa, no puede ser investigada por el Gobernador, ni en ningún procedimiento luego de haberse recibido la demanda de extradición acompanada de los documentos en que se le imputa el delito en la forma legal provista, a excepción de lo relativo a la identificación de la persona detenida como la persona acusada de delito. Art. 20 de la Ley Núm. 4, 34 L.P.R.A. sec. 1881s. Nuestro Tribunal.Supremo ha resuelto que existe una presunción al efecto de que hay identidad entre el acusado y la persona requerida por el Estado reclamante, a menos que el acusado pruebe lo contrario. *Sánchez v. Superintendente Cárcel, supra*, a la pág. 867. De igual forma, existe una presunción de que el procedimiento de extradición es legal y válido. *Id.*

Para rebatir la presunción de validez que cobija al proceso de extradición, el acusado que es retenido en una jurisdicción por virtud de una orden o demanda formal de extradición, tiene el peso de probar, mediante el recurso de *hábeas corpus*, que estaba ausente del Estado reclamante al momento en que el alegado crimen se cometió. C.E. Torcia, *Wharton's Criminal Procedure*, 13th ed., Vol. 1, The Lawyer's Cooperative Publ. Co., N. Y. 1939, § 128, pág. 444. Por ello, se ha resuelto que un acusado que ha sido arrestado en un procedimiento de extradición, no será puesto en libertad cuando sea meramente contradictoria la evidencia relacionada con el hecho de si éste estaba presente en el Estado reclamante cuando se cometió el delito. *Id.*, a la pág. 445. (Citas omitidas.)

## III

Como se desprende de la sección que antecede, los procedimientos de extradición se presumen legales y válidos y su ámbito de impugnación es sumamente limitado. A la luz de dichos principios, examinaremos los señalamientos de error levantados por el apelante. ■

En el caso de autos, la solicitud de *hábeas corpus* presentada por el apelante cuestiona básicamente la validez del proceso de extradición al que fue sometido en lo que respecta a la identidad de la persona reclamada. En dicha solicitud, el apelante sostuvo esencialmente lo siguiente: (a) que procedía su excarcelación porque no había cometido delito alguno en Puerto Rico y se encontraba ingresado en prisión desde el 27 de julio de 2000; y (b) que resulta imposible que hubiese podido cometer el delito que se le imputa en el Estado de la Florida el 26 de junio de 2000, pues se encontraba bajo la custodia de los alguaciles federales desde el 27 de abril de 2000.

Como puede observarse, el planteamiento principal del apelante para atacar su detención, en virtud del procedimiento de extradición gira en torno a que existen serias dudas sobre la identidad de la persona. Entendemos que no le asiste la razón. El apelante fundamenta su reclamo en el informe de arresto preparado por el agente Guzmán, en el cual hay una nota indicativa de que el delito fue alegadamente cometido el 26 de junio de 2000 en la jurisdicción de la Florida. No obstante, de los documentos de extradición enviados por el Estado de la Florida a Puerto Rico se desprende claramente que los hechos que motivaron la radicación de los cargos contra el apelante ocurrieron el 24 de noviembre de 1999. Conviene destacar que el apelante, convenientemente, omitió incluir en el apéndice de su escrito de apelación todos los documentos relacionados con su extradición, ■ los cuales fueron presentados por el Procurador General con su alegato. Por tanto, es obvio que hay que otorgarle mayor peso a la fecha indicada en los documentos enviados por el Estado de la Florida que a la señalada por el agente Guzmán en el informe de arresto. Cuando el agente Guzmán preparó el referido informe aún no se había presentado la demanda formal de extradición. El apelante no probó que se encontraba ausente del Estado de la Florida para le fecha de la comisión del delito que se le imputa, ni rebatió la presunción de que existe identidad entre él y la persona requerida por el Estado reclamante. ■

De los documentos de extradición que obran en el expediente ante nuestra consideración, se desprende que: (a) dichos documentos, de su faz, están correctos, de conformidad con lo establecido en el Art. 3 de la Ley Núm. 4, *supra*; (b) el apelante ha sido acusado de un delito en el Estado reclamante; (c) el apelante es la persona

a que se refiere la solicitud de extradición; y (d) el apelante es un fugitivo.

Reiteramos que el apelante no logró derrotar la presunción de validez que acompaña a los procedimientos de extradición, por lo que no erró el Tribunal apelado al declarar sin lugar su solicitud de *hábeas corpus*.

## IV

Por los fundamentos antes expuestos, confirmamos la sentencia apelada.

Así lo pronunció y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

## ESCOLIOS 2001 JTS 137

**1.** Del referido informe se desprende que la fecha del delito, alegadamente cometido por el apelante, fue el 26 de junio de 2000.

**2.** Debemos apuntar que el apelante no señala específicamente en su recurso cuál es la sentencia apelada, en contravención a lo establecido en la Regla 16 C (1) (c) de nuestro Reglamento. No obstante, de su escrito se desprende que está cuestionado la sentencia dictada, en corte abierta, mediante la cual se declaró sin lugar su solicitud de *hábeas corpus*. Como consecuencia de dicho dictamen, se ordenó la extradición del apelante.

En *Pueblo v. Pacheco Armand*, __ D.P.R. __ (2000), **2000 J.T.S. 18**, nuestro más Alto Foro resolvió que cuando una minuta recoge en términos claros y precisos la decisión del Juez, que se pretende revisar, tal minuta es suficiente para cumplir con lo dispuesto en la Regla 34 (E) (1) (b) de nuestro Reglamento, en lo relacionado con la inclusión en el apéndice de la decisión del Tribunal de Primera Instancia cuya revisión se solicita.

**3.** El *hábeas corpus* es un recurso de naturaleza civil. *Colón v. Meléndez*, 87 D.P.R, 442 (1963); *Pueblo v. Zavala*, 78 D.P.R. 484 (155); *Vázquez v. Rivera*, 69 D.P.R. 647 (1949).

**4.** En otras palabras, no entraremos a discutir los errores que no pueden ser considerados en un procedimiento de extradición.

**5.** El apéndice del recurso de apelación presentado por el apelante consta de los siguientes documentos: (a) informe de arresto del apelante hecho por la Policía de Puerto Rico el 27 de julio de 2000; (b) querella y declaración jurada prestada por el agente Jorge L. Guzmán ante el Tribunal de Primera Instancia en el procedimiento de extradición; (c) petición de *hábeas corpus* presentada por el apelante; (d) minuta de la vista celebrada el 22 de abril de 2000; y (e) sentencia emitida el 22 de abril de 2000 en el procedimiento de extradición.

**6.** De todas maneras y como ya vimos, meras contradicciones no son suficientes para rebatir la presunción de validez respecto a que si el acusado estaba o no presente en el Estado reclamante para la fecha de la comisión del delito.