El Pueblo de Puerto Rico, demandante y apelado *v.* Sergio Plata, acusado y apelante.

No. 4744.—*Sometido:* Abril 29, 1932. *Resuelto:* Mayo 11, 1932.

El acusado compareció en persona; *R. A. Gómez, Fiscal*, abogado de *El Pueblo*, apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Sergio Plata apela de una sentencia que lo condena a diez años de presidio por el delito subsiguiente de escalamiento en primer grado.

Como entendemos que la sentencia debe ser revocada nos limitaremos a consignar solamente los hechos que nos llevan a esa conclusión.

La acusación fué presentada contra Sergio Plata y contra Julio Liceaga. El día que les fué leída la acusación el tribunal nombró a un abogado para que defendiera a los acusados y concedió un término para que la contestaran, al vencimiento del cual el abogado alegó la inocencia de sus representados y solicitó juicio por jurado para ellos. El día que fué señalado para el juicio comparecieron ambos acusados pero no su abogado. Preguntó la corte a las partes si estaban preparadas para el juicio y Sergio Plata manifestó no estar preparado para él y solicitó su suspensión porque no había tenido oportunidad de ver la acusación y porque no había sido llevado a la corte para contestarla. El apelante estaba preso. La suspensión del juicio fué negada y entonces Julio Liceaga renunció al juicio por jurado e interesó ser

juzgado separadamente y a ambas peticiones accedió la corte. Después de esto Sergio Plata alegó no ser culpable del hecho que se le imputa en la acusación y se comenzó la insaculación del jurado que había de juzgarlo. Manifestó la corte al acusado que podía preguntar a los jurados para hacer recusaciones motivadas y que tenía derecho a recusar hasta seis de los jurados electos, y habiendo contestado el acusado que se reservaba el derecho de hacer recusaciones porque no había contestado la acusación, la corte preguntó a los jurados electos si conocían al acusado, siendo negativa la contestación de ellos. No hubo recusaciones y prestado por los jurados el juramento requerido por la ley para desempeñar el cargo fué leída la acusación. Alegó entonces el acusado Sergio Plata no ser culpable y pidió juicio por el tribunal de derecho y que se le nombrase un abogado. La corte negó lo primero pero concedió lo segundo y le nombró un abogado, el que en seguida empezó su trabajo tomando excepción de la resolución que no admitió la renuncia al juicio por jurado. Presentó el fiscal su prueba y cuando se estaba practicando la del acusado éste pidió que se presentase cierto libro de la policía y al manifestarle la corte que debió pedirlo anteriormente dijo el acusado que se reservaba el derecho de recusar parte del jurado, y habiéndole replicado la corte que lo había invitado a hacer recusaciones expuso el acusado que la corte no le dió oportunidad de consultar con su abogado y que uno de los jurados fué testigo contra él en un delito de escalamiento en primer grado como denunciante y dueño de la casa escalada y señaló cuál era. Manifestó entonces uno de los jurados que conocía al acusado, sin decir por qué lo conocía, que su conocimiento no le impedía actuar con imparcialidad y que no es enemigo de él. Continuó siendo miembro del jurado.

■ La misión de un abogado nombrado por la corte para defender a un acusado no se limita a contestar la acusación y a decir si el juicio ha de ser por jurado o por tribunal de derecho. Su deber es defenderlo también en el juicio, que

es donde se libra la verdadera contienda sobre la culpabilidad o inocencia de un acusado. Y debe también ponerse en comunicación con el acusado para conocer su defensa, si la tiene, y cómo puede ser probada, así como para obtener a tiempo la evidencia.

Habiendo nombrado la corte a un abogado para la defensa del apelante no debió permitir que el juicio comenzara sin abogado. Los resultados de ese error se han visto en este caso pues formó parte del jurado una persona que había denunciado al acusado por otro delito igual al que se iba a juzgar, según manifestó el acusado ante la corte, y de haber estado asistido por un abogado seguramente hubiera sido recusado, por lo menos perentoriamente. Esto constituyó un grave error.

Además, cuando fué nombrado el nuevo abogado para el acusado se le debió dar un tiempo razonable para entrevistarse con su representado y conocer los medios de defensa que pudiera tener, así como las condiciones de los testigos de cargo. No consta que tal cosa se hiciera y se ha dado motivo para que el acusado haya dicho que no se le dió oportunidad de consultar con su abogado.

No comprendemos por qué no se le permitió al acusado renunciar al juicio por jurado para ser sometido su causa al tribunal de derecho. Si fué por temor de que alegase después haber estado expuesto por el mismo delito (*former jeopardy*), como manifestó el fiscal de este tribunal en la vista ante nosotros, ya ha sido resuelto que tal alegación no es sostenible cuando el jurado ha sido disuelto a moción del acusado y con su consentimiento. 16 C. J. 254, párrafo 409.

Hubo alguna prueba del fiscal tendente a probar la culpabilidad del acusado.

*Por lo expuesto la sentencia apelada debe ser revocada y devolverse el caso a la corte inferior para procedimientos ulteriores no inconsistentes con esta opinión.*