**UNITED STATES of America,
Appellee,**

v.

**Guillermo Casteliano CEJA, Defendant,
Appellant.**

**No. 71–1077.**

United States Court of Appeals,
First Circuit.

Heard Nov. 15, 1971.

Decided Dec. 27, 1971.

---

Gerardo Ortiz Del Rivero, San Juan, P. R., for appellant.

James B. Tucker, Atty. Dept. of Justice, Washington, D. C., with whom Julio Morales Sanchez, U. S. Atty., San Juan, P. R., was on brief, for appellee.

Before COFFIN, Circuit Judge, VAN OOSTERHOUT,* Senior Circuit Judge, and STEPHENSON,* Circuit Judge.

PER CURIAM.

Defendant Ceja, a Cuban national, was convicted by a jury on each of three counts of an indictment charging viola-

tions under 26 U.S.C.A. § 4704(a), 21 U.S.C.A. § 174, and 26 U.S.C.A. § 4705(a). Defendant was sentenced to serve ten-years imprisonment on the § 4704(a) count and eleven years on each of the other counts, the sentences to be served concurrently.

The sole issue raised by defendant in this timely appeal from his conviction is that the court erred in denying defendant's request for a trial by the court rather than by a jury.

The sufficiency of the evidence to support the conviction is not challenged. We will confine our statement of facts to those pertinent to the jury waiver issue. The case was called for trial on January 18, 1971, before Judge Nichol of the District of South Dakota sitting by designation. A jury was impaneled on that date. Trial on the merits was delayed until January 28 as the court was engaged in the trial of another case. When the case came up for further hearing on January 28, the defendant, out of the presence of the jury, filed and presented to the court a written waiver of jury trial signed by him and his counsel and a request for trial by the court. The Government refused to consent to the waiver of trial by jury upon the ground the defendant had no constitutional right to insist on a trial by the court. Defendant urged that by reason of his Cuban nationality and prejudice existing in Puerto Rico against Cubans it would not be possible for him to receive a fair trial by the jury and thus compelling reasons existed for granting his request for trial by the court notwithstanding the Government's insistence upon a jury trial.

The court afforded defendant a full evidentiary hearing out of the presence of the jury to support his contention that an impartial jury could not be obtained. Defendant presented and examined fourteen witnesses; the Government offered six witnesses.

After hearing the witnesses and arguments of counsel, the court determined

---

* Of the Eighth Circuit, sitting by designation.

defendant had not established his contention that an impartial jury could not be obtained. Defendant's request for trial by the court without a jury was denied. This appeal followed. We affirm the ruling and the conviction.

█ A defendant in a criminal case is guaranteed the right to be tried by a jury in a criminal case. Such right may be waived by the defendant. Rule 23(a) Fed.R.Crim.P., which governs, reads:

> "Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

The constitutionality of the rule was upheld in Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630. The requirement of the rule that consent of the prosecutor and the approval of the court be obtained to defendant's waiver of a jury trial was also upheld. Because of the confidence in the integrity of the prosecutor, the rule "does not require that the Government articulate its reasons for demanding a jury trial at the time it refuses to consent to a defendant's proffered waiver." 380 U.S. 24, 37, 85 S.Ct. 783, 791. The Supreme Court affirmed the trial court's denial of defendant's request to waive a jury trial. The Court by way of dicta went on to say:

> "We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial. Petitioner argues that there might arise situations where 'passion, prejudice . . .

public feeling' or some other factor may render impossible or unlikely an impartial trial by jury. However, since petitioner gave no reason for wanting to forgo jury trial other than to save time, this is not such a case, and petitioner does not claim that it is." 380 U.S. 24, 37–38, 85 S.Ct. 783, 791.

Defendant bases his right to be tried to the court upon such dicta. Inasmuch as the trial court on the basis of the Singer dicta gave defendant a full evidentiary hearing on the issue of whether compelling circumstances exist which may render impossible or unlikely an impartial trial by jury, and on the basis of the record made found no such circumstances established, with which finding we fully agree, we will for the purpose of this appeal assume without so deciding that proof of circumstances set out in the Singer dicta would warrant granting the defendant a trial to the court notwithstanding prosecutor's objection thereto.[1]

The proper test for determining whether jurors are impartial is stated by this court in Geagan v. Gavin, 1 Cir., 292 F.2d 244, 246–247, as follows:

> "The question whether jurors are impartial in the constitutional sense is one of mixed law and fact as to which the challenger has the burden of persuasion, for: 'Unless he shows the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality, the juror need not necessarily be set aside. * * *' Reynolds v. United States, 1878, 98 U.S. 145, 157, 25 L.Ed. 244, quoted with approval in Irvin v. Dowd, [366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751], supra. And, to decide whether the challenger has sustained

1. Since Singer, a number of defendants have asserted the exceptional circumstances dicta of Singer and in each instance the discretion of the trial court in not overruling the Government's right to insist upon a jury trial has been upheld by the appellate courts. United States v. Abrams, 2 Cir., 357 F.2d 539, 549; United States v. Simon, 2 Cir., 425 F.2d 796, 799, n. 1; United States v. Bowles, 2 Cir., 428 F.2d 592, 594–595; United States v. Kramer, 7 Cir., 355 F.2d 891, 899.

his burden, it is the duty of this court as stated in the case last cited 'to independently evaluate the *voir dire* testimony of the impaneled jurors.' "

■ We have carefully reviewed the extensive conflicting evidence on Puerto Rican prejudice against Cubans. We are abundantly satisfied that the court's determination, that the Government's insistence on a trial by a jury will not deprive defendant of an impartial trial, is supported by substantial evidence and that the court did not abuse its discretion in denying defendant's request for a trial by the court.

Since we have the unique situation here that a jury was actually selected to try this case, it is appropriate that we review the record on the voir dire selection of the jury. Singer reiterates the prior holdings of the Supreme Court that trial by jury is the normal and preferable mode of disposing of issues of fact in criminal cases and that the voir dire examination and challenges for cause and peremptory challenges are safeguards designed to make a fair trial by jury possible.

In our present case, the court permitted counsel to conduct voir dire examination and allowed counsel a wide latitude. No error is claimed with respect to any challenges made. We find nothing whatsoever in the voir dire examination which would support a finding that any juror selected to try the defendant was not impartial. The court before resuming the jury trial specifically advised the jurors of the importance of disclosing any prejudices that any juror might have toward a Cuban which would prevent them from giving a Cuban the same fair trial that they would give to a Puerto Rican.

In response to an appropriate inquiry, no juror reported any prejudice which would affect his impartiality.

Defendant has failed to establish that the court abused its discretion in denying his request for a trial to the court.[2]

The judgment is affirmed.

---

2. Here the request for waiver of the jury was made some ten days after a jury had been selected. The record discloses no newly acquired information on the jury prejudice issue. A substantial amount of court time and jury time is consumed and wasted in the selection of a jury that is not used. Proper judicial administration would appear to require that any jury waiver request should be made before the commencement of the trial. Since we have found against the defendant on the merits, we do not reach the issue of whether under any circumstances a jury can be waived without the consent of the prosecutor after a jury has been selected and sworn.