EL PUEBLO DE PUERTO RICO, apelado, *v.* FREDDIE BORRERO ROBLES, acusado y apelante.

*Número:* CR-81-86          *Resuelto:* 22 de octubre de 1982

*Margarita Carrillo,* de la División de Apelaciones, Sociedad para Asistencia Legal, abogada del apelante; *Miguel Pagán, Procurador General Interino,* y *Lorraine Riefkohl, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El Ministerio Público acusó a F. Borrero Robles de cometer robo (Art. 173 del Código Penal, 33 L.P.R.A. sec. 4279), restricción de libertad agravada (Art. 131 del Código Penal, 33 L.P.R.A. sec. 4172) y portación y uso de arma (Art. 4 de la Ley Núm. 17 de 19 de enero de 1951 (25 L.P.R.A. sec. 414)).

Llamado el caso para juicio, la defensa solicitó que éste se ventilase ante jurado. Se ordenó la separación de un panel de jurados para el día siguiente. Se desinsaculó el jurado el próximo día o parte significativa del mismo —el récord no está claro— y, antes de su juramentación definitiva, la defensa solicitó que el caso continuase por tribunal de derecho. No consta de autos la razón, si alguna; que impulsó al acusado a cambiar de parecer sobre el ejercicio de su derecho a juicio por jurado. El tribunal denegó la solicitud.

Se celebró el juicio por jurado y el acusado fue hallado culpable de todos los cargos. En apelación alega que erró el tribunal al no permitir su renuncia al jurado. Impugna también la apreciación de la prueba. La Regla 111 de Procedimiento Criminal dispone:

> Las cuestiones de hecho en casos de delito grave (*felony*) y, salvo lo dispuesto en leyes especiales, en casos de delito menos grave (*misdemeanor*), siempre que originalmente se presentare la acusación en el Tribunal Superior y fueren también de la jurisdicción del Tribunal de Distrito, habrán de ser juzgadas por el jurado a menos que el acusado renunciare expresa y personalmente el derecho a juicio por jurado. El tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de la acusación.

Los precedentes inmediatos de esta regla son el Art. 178 de nuestro Código de Enjuiciamiento Criminal y la Regla federal 23(a).

En los estados de Estados Unidos existe una gran variedad de normas sobre la renuncia al jurado. Algunos no la permiten bajo circunstancia alguna; otros la admiten tan solo en juicios por delitos menos graves; otros la condicionan en multitud de maneras. S. H. Hutzelman, Note, *Constitutional Law: Criminal Procedure: Waiver of Jury Trial: Singer v. United States, 380 U.S. 24 (1965),* 51 Cornell L.Q. 339, 342–344 (1966). En Connecticut, Illinois, Maryland, Michigan, Minnesota, Nebraska y Ohio es donde se reconoce en forma más tajante el derecho de los acusados a renunciar a que se les juzgue por jurados. La regla general en éstos y otros estados que aceptan la renuncia, trátesele como derecho o privilegio, es, sin embargo, que de producirse ésta, no sobrevive un derecho absoluto a cambiar de opinión y reclamar luego que se ventile la causa ante jurado. La concesión o no de juicio por jurado en tales circunstancias descansa en la sana discreción del tribunal. *State* v. *Biller*, 369 A.2d 1123 (1976); *People* v. *Branscomb*, 254 N.E.2d 126 (1969) (ya se habían seleccionado cuatro miembros del panel

de jurados); *Countess* v. *State*, 408 A.2d 1302 (1979); *Wallace* v. *State*, 319 So.2d 117 (1975). En el foro federal se ha resuelto que no existe un derecho constitucional a renunciar el derecho a juicio por jurado. *Singer* v. *United States*, 380 U.S. 24 (1965). Al mismo efecto, 3 *Wharton's Criminal Procedure*, 12ma ed., Rochester, New York, The Lawyers Co-operative Publishing Co., 1975, Sec. 436, págs. 209–213; 2 Wright *Federal Practice and Procedure: Criminal 2d*, St. Paul, West Publishing Co., 1982, sec. 372, págs. 297–304; 3 Orfield, *Criminal Procedure under the Federal Rules*, Rochester, New York, The Lawyers Co-operative Publishing Co., 1966, secs. 23:39–23:40, págs. 61–64; III *American Bar Association Standards for Criminal Justice*, 2da ed., Boston, Little, Brown & Co., 1980, Standard 15–1.2, págs. 15.15–15.17.

En Puerto Rico hemos comentado en varias ocasiones el problema de la posibilidad de renunciar el derecho a juicio por jurado después de comenzado el juicio. En *Pueblo* v. *Plata*, 43 D.P.R. 464, 467 (1932), el acusado intentó inútilmente renunciar a su derecho a juicio por jurado después de la desinsaculación y juramentación de éste, pero antes de comenzar a desfilar la prueba. Se denegó su solicitud. En alzada, expresamos:

> No comprendemos por qué no se le permitió al acusado renunciar al juicio por jurado para ser sometido [*sic*] su causa al tribunal de derecho. Si fué por temor de que alegase después haber estado expuesto por el mismo delito (*former jeopardy*), como manifestó el fiscal de este tribunal en la vista ante nosotros, ya ha sido resuelto que tal alegación no es sostenible cuando el jurado ha sido disuelto a moción del acusado y con su consentimiento.

No dijimos más sobre el problema.

En *Pueblo* v. *Hernández*, 55 D.P.R. 954 (1940), anticipamos por veinticinco años la decisión en *Singer* y quedó indirectamente afectada la *ratio decidendi* de *Plata*, a pesar de que se trataba de una situación de hechos a la inversa. En

*Hernández*, el acusado renunció su derecho a juicio por jurado. En la fecha del juicio, desprovisto para entonces de representación legal, el acusado anunció que se representaría a sí mismo, pero que solicitaba juicio por jurado. El tribunal denegó la solicitud y en apelación confirmamos. Dijimos en tal ocasión:

> . . . si después de haber renunciado al juicio por jurado o haber prescrito el derecho a solicitarlo, el acusado demuestra a la corte que existen justas razones para que se le conceda juicio por jurado, la corte *puede*, en cualquier momento después de la lectura de la acusación, ejercitar su discreción a favor del acusado. ¿Abusó de su discreción la corte *a quo* al denegar la petición del acusado? De la parte del récord anteriormente transcrita resulta que no fue hasta el preciso momento de empezar el juicio que el acusado formuló su petición. De acceder a ella, hubiera sido necesaria la suspensión del juicio, pues no aparece del récord que hubiera un jurado citado para aquel día, y una suspensión en tales condiciones significaba no solamente la consiguiente dilación en la administración de justicia, si que también todos los gastos que conlleva una suspensión y citación para nuevo juicio. Págs. 959–960.

En *Pueblo* v. *Rivera Suárez*, 94 D.P.R. 510 (1967), consideramos nuevamente la situación que nos ocupa. El acusado solicitó allí juicio por jurado. Luego de presentada la prueba de cargo y de comenzar a desfilar la de la defensa, el acusado solicitó que se continuara el juicio por tribunal de derecho. Se denegó el pedido y al aprobar tal acción afirmamos:

> La práctica prevaleciente en esta jurisdicción . . . en virtud de lo dispuesto en la Regla 111 de las de Procedimiento Criminal, no obliga a un acusado a que su caso se vea por jurado. Distinto a la tradición imperante en los Estados Unidos, hemos visto que en nuestro medio el juicio por jurado, si bien actualmente es un derecho garantizado constitucionalmente, no es un ingrediente esencial en nuestro procedimiento. Siempre se ha reconocido el derecho del acusado a renunciarlo.

Ahora bien, esa renuncia debe hacerla el acusado antes de comenzar el juicio. En ese momento es un derecho que el acusado tiene y al ejercitarlo debe ser sostenido por el tribunal. Pero la situación es distinta cuando luego de optar porque el caso se vea ante jurado y comenzado el mismo cambie de parecer y opte por renunciar a ello. En ese caso ya se ha movido la maquinaria de la justicia de acuerdo con lo pedido por el acusado, y es discreción de la corte concederlo o no. *Pueblo* v. *Hernández*, 55 D.P.R. 954 (1940) y ver además *Pueblo* v. *Plata*, 43 D.P.R. 464 (1932). En el presente caso el acusado pretendió renunciar al jurado en el momento en que lo hizo, evidentemente influido por las manifestaciones del juez transcritas anteriormente. Las mismas podían interpretarse en el sentido de que el juez favorecía la posición de la defensa. El juez posiblemente entendió que el acusado así lo interpretaba y que inducido por esa interpretación, tal vez equivocada, fue que solicitó que el juicio continuara por tribunal de derecho. El juez actuó prudentemente al denegar lo pedido. Por situaciones como éstas u otras análogas, es que debe ser discrecional del juez que preside un juicio el acceder a que el mismo continúe por tribunal de derecho una vez comenzado a ventilarse ante un jurado. Págs. 515-516.

En *Pueblo* v. *Guzmán Vélez*, 100 D.P.R. 198, 203 (1971), nos negamos a revocar a *Rivera Suárez* y expresamos:

No perdamos de vista que el derecho que garantiza nuestra Constitución es el de juicio por jurado, no el de la renuncia al jurado, y aunque taxativamente la Constitución no expresa este último derecho es claro que la Convención Constituyente quiso que pudiera ejercerse. Tal intención no significa que el acusado tenga derecho a insistir en un juicio por tribunal de derecho una vez haya ejercido el derecho a que se ventile por jurado y que, como cuestión de hecho el juicio haya comenzado. Reiteramos que siendo el juicio por jurado un derecho con rango constitucional, no constituye violación del mismo el que el juzgador en el uso de su sana discreción se niegue a aceptar la renuncia a ese derecho luego de comenzada la vista del caso y la presentación de la prueba. Tal actuación del juez de instancia no viola el debido procedimiento de ley. Por el contrario, su negativa conlleva el disfrute del derecho que precisamente le garantiza la Constitución.

Véanse también: *Pueblo* v. *Pérez Santaliz*, 105 D.P.R. 10 (1976); *Pueblo* v. *Salamán Sebastián*, 101 D.P.R. 903 (1974); *Pueblo* v. *Torres Cruz*, 105 D.P.R. 914 (1977).

Estimamos oportuno resumir los principios que rigen en esta jurisdicción sobre la renuncia al jurado después de haberse reclamado tal derecho, así como reiterar las normas que deben guiar la discreción del juez de instancia sobre este particular.

1. No existe un derecho constitucional a renunciar al jurado. Pueden concebiblemente surgir circunstancias, sin embargo, en que la no concesión de un juicio por tribunal de derecho entrañe la violación del derecho a un juicio imparcial garantizado por la Constitución de Puerto Rico (Art. II, Sec. 11) y la de Estados Unidos (Sexta Enmienda). Wharton, *op. cit.*, pág. 213; *United States* v. *Ceja*, 451 F.2d 399 (1971); *Singer*, supra, págs. 34-35.

2. Una vez que haya comenzado el juicio, el juez goza de discreción para permitir o no que el proceso continúe ante tribunal de derecho.

3. En el contexto de la situación que nos ocupa, la frase "el comienzo del juicio" significa que se haya movido la maquinaria de la justicia en la fecha señalada para la celebración del proceso. No hay que aguardar necesariamente a la desinsaculación y juramentación final de todos los jurados para afirmar que se ha iniciado el juicio. Basta con que se haya tomado el juramento preliminar que ordena la Regla 119. Respecto al comienzo del juicio para fines de la doctrina de la doble exposición, véase: *Crist* v. *Bretz*, 437 U.S. 28 (1978).

4. Algunos factores que el juez tomará en consideración para conceder o denegar la solicitud serán los posibles trastornos a la administración de la justicia, la tardanza en formular las posibles motivaciones de la defensa, el peso de las razones que la defensa deberá aducir para justificar su petición, las contenciones del Ministerio Público

sobre el particular y, muy especialmente, la existencia o no de condiciones que puedan amenazar el derecho a un juicio imparcial.

■ 5. En ausencia de pasión, prejuicio o ejercicio manifiestamente irrazonable de discreción, este foro no intervendrá con la determinación del juez de instancia sobre este particular. Debe distinguirse al efecto, en lo que respecta al grado de nuestra intervención, entre la situación presente y aquella en que se solicita juicio por jurado tras haberlo renunciado. *Torres Cruz*, supra, pág. 919.

Si examinamos el caso de autos a la luz de lo anterior, hallamos que el récord está desprovisto de razones que deban inclinar a este Tribunal a revocar las sentencias dictadas. Se había comenzado a mover la maquinaria de la justicia. No hay indicio alguno de que se estuviese violando el derecho del acusado a un juicio imparcial. No fue manifiestamente irrazonable la actuación del tribunal de instancia.

■ El segundo señalamiento de error carece de méritos. El principal testigo de cargo declaró que el acusado lo amenazó, poniéndole una cuchilla al cuello. Al determinar que el testigo no tenía dinero, el asaltante forzó al testigo a llevarlo a su casa en su propio automóvil para buscarlo. Al llegar a la casa del testigo, éste pudo retener la llave de su hogar tras forcejear con el acusado. El acusado huyó en el vehículo del declarante, a quien ya había despojado de su reloj. Esta prueba es claramente suficiente para sostener los veredictos. El apelante presenta únicamente problemas de apreciación de esta prueba y credibilidad de los testigos. En ausencia de pasión, prejuicio, parcialidad o error manifiesto en la apreciación de la prueba tampoco se justifica nuestra intervención. *Pueblo* v. *Rodríguez Ocaña*, 88 D.P.R. 335 (1963); *Pueblo* v. *Pagán Díaz*, 111 D.P.R. 608 (1981).

*Se confirmarán las sentencias apeladas.*