*418 Opinión concurrente emitida por el
Juez Asociado Señor Rebollo López, a la cual se unen los Jueces Asociados Señor Fuster Berlingeri y Señor Rivera Pérez.
Contra Harry Orlando Cruz Giorgi se presentaron dos denuncias por la supuesta comisión del delito de posesión, con la intención de distribuir, la sustancia controlada conocida como marihuana, esto es, por una alegada infracción al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico.(1) Posteriormente, el Ministerio Público presentó las correspondientes acusaciones ante el Tribunal de Primera Instancia, Sala Superior de Carolina.
El caso, a solicitud de Cruz Giorgi, fue trasladado a la Sala Superior de Ponce del Tribunal de Primera Instancia. La defensa solicitó que el caso se ventilase ante un Jurado. La desinsaculación del Jurado quedó señalada para el 14 de abril de 2004. Ese día se le tomó el juramento preliminar a los candidatos a jurado y se les realizaron las preguntas generales. Se desprende de la “minuta”, que recoge los procedimientos acaecidos en dicho día, que el tribunal señaló para el 26 de abril de ese año la continuación de los procedimientos, fecha cuando la defensa comenzaría el correspondiente voir dire.
El día antes indicado, la defensa informó que su representado interesaba renunciar a su derecho a juicio por jurado. A esos efectos, adujo que, según la Regla 111 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, todavía el imputado estaba válidamente facultado para renunciar al Jurado porque no había comenzado el juicio. Expuso, además, que los casos de juicio por jurado se iniciaban una vez se le tomaba el juramento definitivo al Jurado. El foro primario solicitó al Ministerio Público que expusiera su posición al *419 respecto. Éste se opuso expresamente a que se aceptara la renuncia.
El tribunal de instancia declaró “con lugar” la solicitud de renuncia al Jurado. El mencionado foro procedió entonces a examinar al acusado sobre su petición de renuncia al Jurado. Por entender que ésta se había hecho de forma voluntaria, inteligentemente y con el conocimiento de sus consecuencias, la aceptó. Por consiguiente, el foro primario ordenó que los procedimientos continuasen ante tribunal de derecho.
El fiscal presentó una moción de reconsideración de la anterior determinación. En ésta alegó, en síntesis, que para el 26 de abril de 2004, fecha cuando la defensa anunció su deseo de renunciar al Jurado, ya se habían seleccionado por sorteo dos paneles de catorce jurados representativos de la comunidad de Ponce, se les había examinado e instruido sobre los preceptos básicos de derecho y se les había juramentado preliminarmente, conforme lo dispone la Regla 119 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.(2) En específico, el fiscal argumentó que, según la enmienda sufrida por la Regla 111, ante, una vez comenzado el juicio, la renuncia al Jurado debía contar con el consentimiento del Ministerio Público. En fin, sostuvo que por haberse opuesto expresamente a dicho curso de acción en el este caso, el tribunal no podía ejercer su discreción y autorizar la referida renuncia.
El foro primario emitió una resolución en la cual ex-presó que, a la luz de las disposiciones de la Regla 111, ante, y conforme lo resuelto en Pueblo v. Borrero Robles, 113 D.P.R. 387 (1982), entendía que la frase “una vez comenzado el juicio” significaba que se hubiera movido la *420 maquinaria de la justicia en la fecha señalada para la celebración del proceso y que no había que aguardar necesariamente a la juramentación final de todos los jurados para afirmar que se había iniciado el juicio.
Sin embargo, el referido foro indicó que, a pesar que para efectos de la Regla 111 el juicio había comenzado, había accedido, de manera principal, a la petición de renuncia del jurado ya que, tomando en cuenta la totalidad de las circunstancias que rodeaban la renuncia, entendía que no se afectaba el derecho de ambas partes a un juicio justo e imparcial. Por consiguiente, el tribunal de instancia entendió que, en el ejercicio de su discreción, estaba facultado para hacerlo, razón por la cual reiteró su determinación de permitir la renuncia.
Inconforme con la anterior determinación, el Estado presentó, ante el Tribunal de Apelaciones, un recurso de certiorari y una moción en auxilio de su jurisdicción. El foro apelativo intermedio denegó la expedición del recurso. El referido foro fundamentó dicha denegatoria al interpretar la Regla 111, ante, a los efectos de que la determinación final de acceder a la renuncia al derecho a juicio por jurado, una vez comenzado el juicio, era discrecional del juez y que ésta únicamente requería que “se tomara en cuenta la posición del Ministerio Público al respecto”. A esos efectos expresó que “el juez retiene la discreción para autorizar la renuncia al jurado, aunque el fiscal se oponga”.
Inconforme, el Ministerio Público acudió ante este Tribunal mediante un recurso de certiorari. Alegó que el tribunal apelativo intermedio incidió
... al obviar el texto de la Regla 111 de Procedimiento Criminal, la cual, una vez comienza el juicio, requiere el consentimiento del Ministerio Público previo a que se conceda autorización judicial a una solicitud de renuncia del acusado al juicio por jurado, requisito que este Tribunal expresamente reconoció y validó frente a un ataque constitucional.
Examinado el recurso de certiorari y una Moción Ur *421 gente en Solicitud de Resolución Expedita, expedimos el auto solicitado.
I
A la luz de las disposiciones de la Regla 111 de Procedimiento Criminal, ante, y de los hechos particulares del presente caso, son dos las interrogantes que debemos contestar, a saber: ¿cuándo se entiende “comenzado” un proceso criminal? y ¿puede un juez —en el ejercicio de su discreción— autorizar una solicitud de renuncia a juicio por jurado, hecha por el imputado ya “comenzado” el juicio, a pesar de que el Ministerio Fiscal se oponga a ésta? Veamos.
II
Como es sabido, nuestra jurisprudencia ha establecido dos momentos distintos con el propósito de determinar cuándo se entiende “comenzado” un proceso criminal: uno en relación con la referida Regla 111 de Procedimiento Criminal y, el segundo, en relación con la aplicación de la doctrina sobre la doble exposición. En cuanto a esta última situación, establecimos que se entiende que una persona se encuentra expuesta a un nuevo procedimiento penal y, por ello, sujeta a ser procesada dos veces por el mismo delito, cuando se le toma el juramento definitivo al Jurado, en casos por jurado y en casos por tribunal de derecho, cuando se le toma juramento al primer testigo. Pueblo v. Martínez Torres, 126 D.P.R. 561, 568 (1990).(3)
En lo que respecta a la antes citada Regla 111, en Pueblo v. Borrero Robles, ante, pág. 393 —sin citar autoridad o jurisprudencia alguna en apoyo de ello— expresamos que “la frase ‘el comienzo del juicio’ significa que se haya mo *422 vido la maquinaria de la justicia en la fecha señalada para la celebración del proceso. No hay que aguardar necesariamente a la desinsaculación y juramentación final de todos los jurados par afirmar que se ha iniciado el juicio. Basta con que se haya tomado el juramento preliminar que ordena la Regla 119”. (Énfasis suplido.)(4)
Curiosamente, y a renglón seguido, expresamos en Pueblo v. Barrero Robles, ante, pág. 393 que respecto “al comienzo del juicio, para fines de la doctrina de la doble ex-posición, véase: Crist v. Bretz, 437 U.S. 28 (1978)”. De manera, pues, que el Tribunal —por lo menos, en ese momento— entendió procedente establecer dos momentos, o dos definiciones, distintas para el término “comienzo” del juicio. Las razonamiento que llevó al Tribunal a así establecerlo, no lo sabemos. No se dio explicación alguna al respecto.
Realmente, no encontramos razón lógica alguna para mantener la presente situación, esto es, para que en nuestro ordenamiento jurídico coexistan dos momentos distintos sobre cuándo se entiende “comenzado” un proceso criminal. Somos del criterio que tanto para efectos de la Regla 111 de Procedimiento Criminal, ante;, como para la aplicación de la doctrina sobre la doble exposición, el juicio por jurado se debe entender comenzado al juramentarse definitivamente el Jurado que, como juzgador de los hechos, decidirá si el imputado es culpable o no de los hechos que se le imputan.
*423 III
Luego de la enmienda de 1986,(5) la Regla 111 de Procedimiento Criminal, ante, establece que:
Las cuestiones de hecho en casos de delito grave y, salvo lo dispuesto en leyes especiales, en casos de delito menos grave siempre que originalmente se presentare la acusación en el Tribunal de Primera Instancia y fueren también de la competencia del Tribunal de Distrito habrán de ser juzgadas por el jurado a menos que el acusado renunciare expresa, inteligente y personalmente al derecho a juicio por jurado. Antes de aceptar la renuncia de un acusado a su derecho ajuicio por jurado, el juez de instancia tiene la obligación de explicar al acusado lo que significa la renuncia de dicho derecho y de apercibirle de las consecuencias del mismo.
El tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de la acusación. Si la renuncia al jurado se produce una vez comenzado el juicio, es discrecional del juez que preside el juicio el acceder a que el mismo continúe por tribunal de derecho con el consentimiento del Ministerio Público. (Énfasis suplido.)
La enmienda de 1986 se circunscribió, de manera principal, a requerir el “consentimiento” del Ministerio Público en la situación en que, luego de “comenzado” el juicio, el acusado solicite renunciar al Jurado. Un examen del historial legislativo del proyecto de ley —el P. de la C. 699 de 27 de febrero de 1986, 2da Sesión Ordinaria, lOma Asamblea Legislativa— que culminó en la Ley Núm. 86 de 9 de julio de 1986, demuestra que, inicialmente, proponía que la renuncia del acusado a un juicio por jurado, luego de “comenzado” el juicio, debía hacerse por escrito, con la aprobación del Tribunal y con el consentimiento del Ministerio Público.
A esos efectos, el texto propuesto disponía:
Las cuestiones de hecho en casos de delito grave y, salvo lo dispuesto en leyes especiales, en casos de delito menos grave *424 siempre que originalmente se presentare la acusación en el Tribunal Superior y fuere también de la jurisdicción del Tribunal de Distrito, habrán de ser juzgadas por el jurado a me-nos que el acusado renunciare expresa y personalmente el derecho a juicio por jurado. Una vez comenzado el juicio la renuncia se hará por escrito, con la aprobación del tribunal y el consentimiento del Ministerio Público. El tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de la acusación. (Enfasis suplido.) P. de la C. 699 de 27 de febrero de 1986, pág. 2.
La Comisión de lo Jurídico del Senado estudió el texto propuesto para la enmienda a la Regla 111, ante, y recomendó su aprobación. Ello no obstante, incluyó otras enmiendas, entre ellas, que el último párrafo de la Regla 111 leyera de la forma siguiente:
El tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de la acusación. Si la renuncia al jurado se produce una vez comenzado el juicio, es discrecional del juez que preside el juicio el acceder a que el mismo continúe por tribunal de derecho, previa audiencia al Ministerio Público. (Enfasis suplido.) Informe de la Comisión de lo Jurídico del Senado, 23 de abril de 1986, pág. 2.
En dicho Informe, la referida Comisión del Senado ex-presó que a pesar de que nuestra Regla 111 tenía como precedente inmediato la Regla 23(a) federal, entre ambas jurisdicciones existían diferencias fundamentales en sus respectivas interpretaciones del derecho. Una de estas diferencias era que en nuestra jurisdicción se reconocía como un derecho absoluto del acusado el renunciar a su derecho al juicio por jurado antes del comienzo del juicio; la otra, que era un principio ajeno a nuestro ordenamiento jurídico requerir el consentimiento del fiscal para aceptar una renuncia a dicho derecho.
A esos efectos, la referida Comisión expuso lo siguiente:
El consentimiento del Estado no debe ser un factor determinante en la concesión o denegación de la solicitud del acusado de renunciar a su derecho a juicio por jurado una vez comen *425 zado el proceso, sino que, dentro de la facultad discrecional del magistrado ante el cual se ve la causa, considerará las contenciones del Ministerio Público, sobre la petición que se formula.
El requisito de que se exija el consentimiento del estado limita la discreción judicial. Informe de la Comisión de lo Jurídico del Senado, 23 de abril de 1986, pág. 8.
Indicó la mencionada Comisión que entendía necesario enmendar la medida mediante la sustitución del requisito de la autorización del fiscal, por una audiencia previa, en la cual el Ministerio Público tuviera la oportunidad de ex-poner ante el magistrado sus contenciones para que se concediera o no la petición del acusado de renunciar a su derecho por jurado.
Por su parte, la Comisión de lo Jurídico de la Cámara de Representantes indicó que la medida equiparaba nuestra regla a la Regla 23 de Procedimiento Criminal federal, en la cual la renuncia a juicio por jurado estaba condicionada a. que la hiciera el acusado por escrito con el consentimiento del tribunal y del fiscal. En el informe que rindiera dicha Comisión se concluyó que
[s]i a la intervención activa y vigilante del juez se le suma el requerimiento adicional del consentimiento del fiscal, así como el aspecto procesal de que la renuncia se haga por escrito, resulta forzoso concluir que la propuesta enmienda satisface las salvaguardas constitucionales que se han venido sosteniendo doctrinalmente ante la insuficiencia del texto de dicha Regla 111. Informe de la Comisión de lo Jurídico del Senado, 23 de abril de 1986, pág. 2.
Finalmente, en el Memorial Explicativo del P. de la C. 699 se expresa que el consentimiento del Ministerio Público, como requisito para que se acceda a la solicitud de renuncia a juicio por jurado en la etapa en que ya ha comenzado el proceso, tiene como objeto proteger debidamente a la sociedad. Citando el caso Singer v. United States, 380 U.S. 24 (1965) —con respecto a la exigencia de la aprobación del fiscal— se expresó:
No encontramos ningún impedimento constitucional a que se *426 condicione a la aprobación del fiscal y del juez la renuncia [a] su derecho a juicio por jurado cuando, de negarse alguno de éstos, lo que resulta es simplemente que el acusado se habrá de someter a un juicio por jurado imparcial -precisamente lo que la Constitución le garantiza. Memorial Explicativo del P. de la C. 699, pág. 2.
A raíz de las discrepancias surgidas entre las Comisiones de lo Jurídico del Senado y de la Cámara de Representes, se designó una Comisión de Conferencia para recomendar enmiendas al R de la C. 699. En el informe que ésta remitiera a la Asamblea Legislativa, la referida Comisión recomendó su aprobación con varias enmiendas. En lo pertinente a la renuncia al derecho al juicio por jurado, la Comisión de Conferencia recomendó que aquella parte que leía “luego de comenzado el juicio, será discrecional del juez concederla, previa audiencia al Ministerio Público”, fuese sustituida por “luego de comenzado el juicio, el juez goza de discreción para permitir o no que el proceso continúe ante tribunal de derecho, con el consentimiento del Ministerio Público”. (Enfasis suplido.) Informe de Comisión de Conferencia de 5 de junio de 1986 sobre P. de la C. 699, pág. 1.
En esencia, así se acogió y quedó finalmente aprobada la enmienda a la referida Regla 111. No hubo debates en el hemiciclo sobre ésta. A pesar de que del antes señalado historial no surge, de manera expresa, expresión o debate alguno sobre si, “comenzado” el juicio, la oposición del fiscal a una solicitud de renuncia al Jurado es o no determinante, somos del criterio que de dicho historial razonablemente se puede inferir o concluir que la intención legislativa fue que la negativa del fiscal es definitiva; esto es, que una vez el ministerio fiscal se opone a la mencionada solicitud, el juicio debe continuar dilucidándose ante un Jurado.(6)
*427 El Tribunal Supremo de Estados Unidos —interpretando la Regla 23(a) de Procedimiento Criminal federal, la cual contiene idéntico requisito— expresó en Singer v. United States, ante, pág. 36, en lo pertinente, que:
The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.
Dicho razonamiento resulta ser altamente convincente. No hay duda de que el Estado tiene un fundamental interés en poner en vigor las leyes penales de nuestro ordenamiento con el propósito de combatir la criminalidad, Pueblo v. Santiago Feliciano, 139 D.P.R. 361 (1995); interés legítimo que ejerce a través del Ministerio Público, al procesar a todo aquel que alegadamente infringe cualquier ley penal, con el propósito de obtener una convicción mediante un procedimiento justo.
Nuestra Constitución, ciertamente, garantiza el derecho a juicio por jurado en determinadas situaciones. Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1. Ello no obstante, repetimos, no existe un derecho constitucional a renunciar al Jurado. Ningún imputado de delito que haya originalmente reclamado su derecho a que sea un Jurado el que lo juzgue, puede quejarse de que no se le permita renunciar al Jurado que él mismo escogió, a través de su representante legal, por razón de que el fiscal se opone; sobre todo cuando consideramos que, de ordinario, los miembros de un Jurado son más propensos a ser lenientes que el magistrado que preside el proceso, el cual, no importa que el juicio sea por *428 jurado o por tribunal de derecho, estará siempre presto para resolver las cuestiones de derecho.
En virtud de todo lo antes expuesto, somos del criterio que antes de comenzar el juicio, el acusado tiene un derecho a renunciar al Jurado, puesto que el tribunal —luego de cerciorarse que la renuncia se ha hecho de forma voluntaria, inteligentemente y con conocimiento de sus consecuencias— está obligado a aceptarla. Ahora bien, luego de comenzado el juicio por jurado, esto es, luego de que los miembros del Jurado han sido juramentados en forma definitiva, para que el juez que preside los procedimientos pueda aceptar dicha renuncia se necesita el consentimiento o la anuencia del Ministerio Fiscal.(7)
IV
En el presente caso, tanto el foro primario como el foro apelativo intermedio determinaron que el aceptar la renuncia a un juicio por jurado, después de comenzado el juicio, era una decisión discrecional del juez, sin necesidad de obtener el consentimiento del fiscal para ello. Erraron al así decidir.
No obstante, y debido a los hechos particulares del presente caso, entendemos que la anuencia del fiscal no era necesaria. Esto en vista del hecho de que, como expresamos al principio, el Jurado que fue llamado para intervenir en el caso únicamente había sido juramentado preliminarmente-, esto es, no se le había tomado al jurado el jura *429 mentó definitivo. Por ser así, no se requería, repetimos, que el fiscal accediese a dicha renuncia. Confirmaríamos, en consecuencia, y aun cuando por fundamentos distintos, la actuación del Tribunal de Apelaciones en el presente caso.

 24 L.P.R.A. see. 2401.

 La referida regla sobre el juramento preliminar del Jurado dispone:
“(a) Los jurados deberán prestar juramento, individual o colectivamente según dispusiere el tribunal, de contestar veraz y fielmente todas las preguntas que se les hicieren en relación con su capacidad para actuar como jurado.
“(b) El tribunal examinará y formulará al jurado las preguntas pertinentes a su capacidad para actuar. El tribunal permitirá a las partes efectuar un examen adicional a los jurados potenciales.” 34 L.P.R.A. Ap. II, R. 119.

 Citando a D. Nevares-Muñiz, Sumario de derecho procesal penal puertorriqueño, 3ra ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1989, pág. 113.

 En Crist v. Bretz, 437 U.S. 28 (1978), el Tribunal Supremo de Estados Unidos resolvió, en síntesis, que la prohibición contra la doble exposición, contenida en la Enmienda Quinta de la Constitución federal —la cual se aplica a los estados a través de la Enmienda Catorce de la referida Constitución— incluye o comprende lo dispuesto en las Reglas de Procedimiento Criminal federales, a los efectos de que se entiende que un juicio criminal ha “comenzado” cuando se juramenta definitivamente el Jurado que va a intervenir como tal en el juicio.

 Mediante la Ley Núm. 86 de 9 de julio de 1986.

 Debe mantenerse presente que, desde el punto de vista constitucional, no existe impedimento alguno para que el legislador reglamente la materia de la renuncia al derecho a juicio por jurado porque no existe un derecho constitucional a renun *427 ciar a dicho derecho. Pueblo v. Rivero, Lugo y Almodóvar, 121 D.P.R. 454 (1988); Singer v. United States, 380 U.S. 24 (1965); 3 Wharton’s Criminal Procedure Sec. 436, págs. 209-215; 2 Wright Federal Practice and Procedure: Criminal 2d Sec. 372, págs. 297-304 (1982).

 En Pueblo v. Rivero, Lugo y Almodovar, ante, luego de resumir nuestra jurisprudencia relativa a la materia en controversia, anterior a la aprobación de la ley que enmendó en 1986 la Regla 111 de Procedimiento Criminal, 34 L.P.R.A. Ap. II —Ley Núm. 86 de 9 de julio de 1986— este Tribunal intimó la norma a la que hoy, de forma expresa', establecemos. En dicha ocasión expresamos que:
“El aprobar la mencionada Ley Núm. 86, lo que el legislador hasta cierto punto hizo fue ‘resumir’ y plasmar por escrito, incorporándola a la citada Regla 111 de Procedimiento Criminal, la jurisprudencia en general de este Tribunal sobre la materia con lar única diferencia de exigir, como requisito, el consentimiento del Ministerio Público.” (Enfasis suplido.) Pueblo v. Rivero, Lugo y Almodóvar, ante, pág. 469.