Opinión disidente emitida por el
Juez Presidente Señor Hernández Denton, a la cual se unen las Juezas Asociadas Señoras Fiol Matta y Rodríguez Rodríguez.
Revocaríamos la decisión del Tribunal de Primera Instancia en el caso de autos. Entendemos que una vez se juramenta preliminarmente al Jurado, nuestro ordenamiento procesal requiere la anuencia del Ministerio Público para que el tribunal pueda válidamente autorizar la renuncia del acusado al juicio por jurado. Por ende, disentimos.
I
En síntesis, los hechos del presente caso son los siguientes. Se presentaron dos denuncias contra el Sr. Harry Orlando Cruz Giorgi por unas alegadas infracciones al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. see. 2401. Se le imputó al señor Cruz Giorgi poseer, con intención de distribuir, la sustancia controlada conocida como marihuana. Se le imputó, además, conspirar con el propósito de distribuir la mencionada sustancia controlada. Posteriormente, el Ministerio Público presentó las acusaciones correspondientes.
El señor Cruz Giorgi ejerció su derecho a ser juzgado por un Jurado. Luego de varios incidentes procesales, el 14 de abril de 2004 el caso quedó señalado para la desinsaculación del Jurado. En esa fecha, se le tomó el juramento preliminar a los candidatos a jurados y el Ministerio Pú *430 blico realizó las preguntas generales relacionadas a su capacidad para actuar como jurados. Además, se les presentaron los testigos y se les impartió las instrucciones generales sobre la presunción de inocencia, el silencio del acusado y la duda razonable.
El tribunal señaló la continuación de la desinsaculación del Jurado para el 26 de abril de 2004. Llegada la fecha señalada, la defensa informó al tribunal que su cliente había decidido renunciar al juicio por jurado y solicitó que el proceso continuara por tribunal de derecho. Adujo que, conforme a lo dispuesto en la Regla 111 de Procedimiento Criminal (Regla 111), 34 L.P.R.A. Ap. II, el acusado todavía estaba facultado para renunciar al Jurado puesto que, para efectos de la citada regla, el juicio no había comenzado. El Ministerio Público se opuso expresamente a la solicitud del señor Cruz Giorgi.
El foro de instancia, luego de examinar los planteamientos de las partes, declaró “con lugar” la solicitud de renuncia al Jurado y ordenó que los procedimientos continuaran ante un tribunal de derecho. Inconforme, el Ministerio Público solicitó la reconsideración del anterior dictamen. Argumentó que, en la etapa en que se encontraban los procedimientos y ante la oposición del Ministerio Público, el tribunal no tenía discreción para autorizar la solicitud de renuncia al juicio por jurado.
El tribunal denegó la moción de reconsideración presentada por el Ministerio Público. Inconforme, el Procurador General acudió ante el Tribunal de Apelaciones. Dicho foro denegó la expedición del auto solicitado.
Oportunamente, el Procurador General acude ante nos y le imputa a los foros inferiores haber errado al autorizar la renuncia del señor Cruz Giorgi al juicio por jurado.
La opinión concurrente expone que para efectos de la Regla 111, el juicio comienza al jurarse definitivamente al Jurado y que, a partir de ese momento, una solicitud de renuncia al Jurado debe contar con el consentimiento del *431 Ministerio Público. En vista de que en este caso todavía no se le había tomado el juramento definitivo al Jurado, la opinión concurrente concluye que no era necesario el consentimiento del fiscal para que el tribunal autorizara la petición del señor Cruz Giorgi. En consecuencia, razona que actuó correctamente el foro de instancia al aceptar la renuncia al juicio por jurado ante la oposición del Ministerio Público.
Examinado el trasfondo fáctico del presente caso, pasemos a analizar el derecho aplicable.
II
A. La Regla 111 establece que, una vez comenzado el juicio, se requiere el consentimiento del Ministerio Público para que el tribunal pueda válidamente autorizar la renuncia del acusado a su derecho a juicio por jurado.
En Pueblo v. Borrero Robles, 113 D.P.R. 387 (1982), específicamente tuvimos la oportunidad de delimitar cuándo es que comienza el juicio para propósitos de la mencionada regla. Allí resolvimos que
... la frase comienzo del juicio significa que se haya movido la maquinaria de la justicia en la fecha señalada para la celebración del proceso. No hay que aguardar necesariamente a la desinsaculación y juramentación final de todos los jurados para afirmar que se ha iniciado el juicio. Basta con que se haya tomado el juramento preliminar que ordena la Regla 119. Respecto al comienzo del juicio para fines de la doctrina de, la doble exposición, véase Crist v. Bretz, 437 U.S. 28 (1978). (Énfasis suplido.) íd., pág. 393.
Conforme a lo allí establecido, una vez se le toma el juramento preliminar a los miembros del Jurado, el acusado pierde su derecho absoluto a renunciar a su derecho a juicio por jurado y el juez que preside el juicio tiene discreción para permitir o no que el juicio continúe por tribunal de derecho.
*432 Ahora bien, cuatro años después de haber resuelto Pueblo v. Borrero Robles, supra, mediante la Ley Núm. 86 de 9 de julio de 1986, la Asamblea Legislativa enmendó la Regla 111 para limitar su alcance y requerir expresamente el consentimiento del Ministerio Público para que el tribunal pueda aprobar la renuncia al juicio por jurado luego de comenzado el juicio. Dicha disposición estatutaria lee, en lo aquí pertinente, como sigue:
Las cuestiones de hecho en casos de delito grave ... habrán de ser juzgadas por el jurado a menos que el acusado renunciare expresa, inteligente y personalmente al derecho a juicio por jurado. Antes de aceptar la renuncia de un acusado a su derecho a juicio por jurado, el juez de instancia tiene la obligación de explicar al acusado lo que significa la renuncia de dicho derecho y de apercibirle de las consecuencias del mismo.
El Tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de la acusación. Si la renuncia al jurado se produce una vez comenzado el juicio, es discrecional del juez que preside el juicio el acceder a que el mismo continúe por tribunal de derecho con el consentimiento del Ministerio Público. (Énfasis suplido.) 34 L.P.R.A. Ap. II, R. 111.
La antes citada norma jurídica fue enmendada para disponer que la renuncia del acusado a su derecho ajuicio por jurado luego de comenzado el juicio requiriese el consentimiento del Ministerio Público. Así surge de la Exposición de Motivos de la Ley Núm. 86 (1986 Leyes de Puerto Rico 282), a los efectos de que “[se] requi[ere] que para proteger debidamente a la sociedad sea necesario el consentimiento del Ministerio Público, sin el cual el tribunal no podrá aprobar la renuncia al juicio por jurado una vez comenzado el juicio”. (Enfasis suplido.)
Posteriormente, en Pueblo v. Rivero, Lugo y Almodóvar, 121 D.P.R. 454, 469 (1988), expresamente reconocimos la validez constitucional de la enmienda a la Regla 111, y a esos efectos sostuvimos que
[a]l aprobar la mencionada Ley Núm. 86, lo que el legislador hasta cierto punto hizo fue “resumir” y plasmar por escrito, *433 incorporándola a la citada Regla 111 de Procedimiento Criminal, la jurisprudencia en general de este Tribunal sobre la materia con la única diferencia de exigir, como requisito, el consentimiento del Ministerio Público. (Enfasis suplido.)
Como vemos, en el citado caso afirmamos que la enmienda a la Regla 111 se adoptó con el propósito de incorporar la doctrina prevaleciente en ese momento sobre la renuncia al juicio por jurado. En vista de ello, la Regla 111 se debe interpretar a la luz de lo resuelto en Pueblo v. Borrero Robles.
B. Hemos mencionado que el ejercicio de interpretación estatutaria requiere que indaguemos la intención legislativa a través del análisis del historial legislativo de la ley, de su exposición de motivos, de los diversos informes de las comisiones de las Cámaras o de los debates celebrados en el hemiciclo. Ortiz v. Municipio de San Juan, 167 D.P.R. 609 (2006); Vicenti v. Saldaña, 157 D.P.R. 37 (2002). De igual forma, al interpretar una enmienda a urna ley, debemos presumir que la Asamblea Legislativa era consciente de la interpretación de la ley original y que quiso limitar deliberadamente su alcance mediante la enmienda. Ortiz v. Municipio de San Juan, supra, citando a 1A Sutherland, Statutes and Statutory Construction Sec. 22:30, págs. 361-365 (6ta ed. 2002).
En conformidad con lo anterior, al examinar el historial legislativo de la antes citada enmienda, vemos que su propósito fue exigir expresamente el consentimiento del.Ministerio Público para que el tribunal pudiera válidamente aprobar una solicitud de renuncia al Jurado luego de comenzado el proceso criminal. Surge claramente de dicho historial y de los informes de las comisiones de ambas cámaras que la Asamblea Legislativa tuvo la intención de incorporar la doctrina establecida por el Tribunal Supremo sobre el derecho a juicio por jurado a las Reglas de Procedimiento Criminal, incluyendo lo resuelto en Pueblo v. Bo *434 rrero Robles, (1) Por consiguiente, al interpretar la referida enmienda, debemos continuar brindándole a la frase “comienzo del juicio” el mismo significado que le dimos en Pueblo v. Borrero Robles, supra, tal y como lo consideró el legislador.
Además, como mencionamos en la sección anterior, un análisis de la Exposición de Motivos de la aludida enmienda revela que el propósito del legislador fue proteger, no sólo los derechos del acusado, sino también a la sociedad y al Pueblo de Puerto Rico. Véase Exposición de Motivos de la Ley Núm. 86, supra. El Ministerio Público, como parte litigante en el proceso criminal, tiene también un interés en procurar que los casos se juzguen ante un Jurado, ya que la Constitución lo considera como el método que con mayor probabilidad producirá un resultado más justo. Singer v. United States, 380 U.S. 24 (1965). Al enmendar la Regla 111, la Asamblea Legislativa le reconoció al Ministerio Público un derecho que antes no tenía, este es, el derecho a que se requiera su consentimiento para que el tribunal pueda aceptar la renuncia del acusado al juicio por jurado.
No obstante lo anterior, la opinión concurrente tendría el efecto de permitir que el acusado, luego de que se haya incurrido en gastos y esfuerzos del Estado para seleccionar un jurado, renuncie a éste y exija que el procedimiento continúe ante un tribunal de derecho. Ello equivaldría a concederle al acusado el derecho a una “super-recusación perentoria”, ya que éste podría, una vez haya agotado todas sus recusaciones perentorias, renunciar al Jurado si no está satisfecho con su composición.
*435 Por otra parte, existen consideraciones de sana administración de la justicia que motivan un resultado opuesto al que propone la opinión concurrente en este caso. Sobre este particular, la Ley para la Administración del Servicio de Jurado de Puerto Rico dispone que “[u]na vez la persona [citada para servir como jurado haya] cumplido con su obligación de servir como jurado un día o un juicio, o haya sido relevada del servicio de jurado, no podrá ser citada nuevamente para servir como jurado hasta tanto haya transcurrido un plazo de cinco (5) años”. 34 L.P.R.A. sec. 1735(f). En vista de ello, si interpretamos liberalmente la Regla 111 de manera que fomentemos que el acusado renuncie al Jurado después que haya comenzado el proceso voir dire, estaríamos agravando el ya existente problema de disponibilidad de personas elegibles para servir como jurados.
III
En el caso de autos, el 14 de abril de 2004 se le tomó el juramento preliminar a los prospectos jurados, según dispuesto en la Regla 119 de Procedimiento Crimial, 34 L.P.R.A. Ap. II. No fue hasta la siguiente vista programada para la desinsaculación del Jurado, el 26 de abril de 2004, que el señor Cruz Girogi solicitó al tribunal que le permitiera renunciar a su derecho a juicio por jurado.
A la luz de la normativa antes expuesta, al momento cuando el señor Cruz Giorgi manifestó su interés de renunciar al juicio por jurado, ya el juicio había comenzado para efectos de la Regla 111. Por ello, era necesario el consentimiento del Ministerio Público para que el tribunal pudiera conceder la petición del señor Cruz Giorgi. Ante la oposición del Ministerio Público, el tribunal carecía de discreción en este caso para conceder la renuncia al juicio por jurado.
*436 IV
Por las razones antes expuestas, revocaríamos la resolución dictada por el Tribunal de Apelaciones y devolveríamos el caso al foro de instancia para la continuación de la desinsaculación del Jurado.

 A modo de ejemplo, el Informe de la Comisión de lo Jurídico Penal de la Cámara de Representantes sobre el P. de la C. 669 de 3 de abril de 1986 establece: “En adición a incorporar la doctrina establecida por el Tribunal Supremo de Puerto Rico, la medida equipara nuestra regla a la Regla 23 de Procedimiento Penal Federal en la cual la renuncia ajuicio por jurado está condicionada a que la haga el acusado por escrito con consentimiento del tribunal y el fiscal.” (Énfasis suplido.)