EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>vs.<br><br>Harry Orlando Cruz Giorgi<br><br>Recurrido | Certiorari<br><br>2006 TSPR 109<br><br>168 DPR ____ |

Número del Caso: CC-2004-479

Fecha: 30 de junio de 2006

Tribunal de Apelaciones:

> Región Judicial de Ponce

Jueza Ponente:

> Hon. Zaida Hernández Torres

Abogado de la Parte Recurrida:

> Lcdo. Armando F. Pietri Torres

Oficina del Procurador General:

> Lcda. Lisa M. Durán Ortiz
> Procuradora General Auxiliar
>
> Lcda. Zaira Z. Girón Anadón
> Procuradora General Auxiliar

Materia: Infracción Artículos 401 y 406 de la Ley de Sustancias Controladas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        vs.                  CC-2004-479    CERTIORARI

Harry Orlando Cruz Giorgi

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 30 de junio de 2006

El ministerio público radicó dos cargos contra el acusado recurrido Harry Orlando Cruz Giorgi, por alegadas infracciones al Artículo 401 de la Ley de Sustancias Controladas de Puerto Rico, 25 L.P.R.A. sec. 2401, llamándose el caso para juicio en su fondo ante la Sala Superior de Ponce del Tribunal de Primera Instancia.

La defensa solicitó que el caso se ventilase ante un jurado. El tribunal procedió a tomarle el juramento preliminar a los candidatos al jurado. Luego de hacérsele varias pregunta a éstos, el caso fue suspendido para el 26 de abril de 2004. Ese día la defensa indicó que el acusado interesaba que los procedimientos continuasen por tribunal de derecho. El ministerio fiscal se

opuso. Ello no obstante, el tribunal aceptó la renuncia que hiciera el acusado al derecho a juicio por jurado, resolviendo que a pesar de que el juicio había "comenzado", con el juramento preliminar a los candidatos a jurado, el tribunal tenía discreción para aceptar dicha renuncia.

Inconforme, el Estado acudió ante el Tribunal de Apelaciones, sosteniendo que, habiendo comenzado el juicio, la renuncia al derecho a juicio por jurado no procedía a menos que el Estado prestara su consentimiento a la misma. El foro apelativo intermedio denegó el recurso. Sostuvo que el juez de instancia tenía discreción para aceptar la renuncia, no importando que el juicio hubiera comenzado.

Aun insatisfecho, el Estado acudió --vía *certiorari*-- ante este Tribunal en revisión de dicha determinación. Expedimos el recurso.

Por estar igualmente dividido el Tribunal, se dicta Sentencia confirmatoria de la emitida por el Tribunal de Apelaciones en el presente caso, devolviéndose el mismo al tribunal de instancia para procedimientos ulteriores.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió Opinión Concurrente, a la cual se unieron los Jueces Asociados señor Fuster Berlingeri y señor Rivera Pérez. El Juez Presidente señor Hernández Denton emitió Opinión Disidente, a la cual se unieron las

Jueces Asociadas señora Fiol Matta y señora Rodríguez Rodríguez.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

  Peticionario

    vs.             CC-2004-479
CERTIORARI

Harry Orlando Cruz Giorgi

  Recurrido

OPINIÓN CONCURRENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ, A LA CUAL SE UNEN LOS JUECES ASOCIADOS SEÑOR FUSTER BERLINGERI Y SEÑOR RIVERA PÉREZ

San Juan, Puerto Rico, a 30 de junio de 2006

    Contra Harry Orlando Cruz Giorgi se presentaron dos denuncias por la supuesta comisión del delito de posesión, con la intención de distribuir, la sustancia controlada conocida como marihuana, esto es, por una alegada infracción al Artículo 401 de la Ley de Sustancias Controladas de Puerto Rico.[1] Posteriormente, el Ministerio Público presentó las correspondientes acusaciones ante el Tribunal de Primera Instancia, Sala Superior de Carolina.

---

[1] 25 L.P.R.A. sec. 2401.

El caso, a solicitud de Cruz Giorgi, fue trasladado a la Sala Superior de Ponce del Tribunal de Primera Instancia. La defensa solicitó que el caso se ventilase ante un jurado. La desinsaculación del jurado quedó señalada para el 14 de abril de 2004. Ese día se le tomó el juramento preliminar a los candidatos a jurado y se realizaron las preguntas generales a éstos. Se desprende de la "minuta", que recoge los procedimientos acaecidos en dicho día, que el tribunal señaló para el 26 de abril de ese año la continuación de los procedimientos, fecha en que la defensa comenzaría el correspondiente *voir dire.*

El día antes indicado, la defensa informó que su representado interesaba renunciar a su derecho a juicio por jurado. A esos efectos, adujo que, según la Regla 111 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.34, todavía el imputado estaba válidamente facultado para renunciar al jurado porque no había comenzado el juicio. Expuso, además, que los casos de juicio por jurado se iniciaban una vez se le tomaba el juramento definitivo al jurado. El foro primario solicitó del Ministerio Público que expusiera su posición al respecto. Éste se opuso expresamente a que se aceptara la renuncia.

El tribunal de instancia declaró con lugar la solicitud de renuncia al jurado. Procedió entonces el mencionado foro a examinar al acusado sobre su petición de renuncia al jurado. Por entender que ésta se había hecho de forma voluntaria, inteligentemente y con el conocimiento de

sus consecuencias, <u>aceptó la misma</u>. Por consiguiente, el foro primario ordenó que los procedimientos continuasen ante tribunal de derecho.

El fiscal presentó una moción solicitando la reconsideración de la anterior determinación. En la misma alegó, en síntesis, que para el 26 de abril de 2004, fecha en que la defensa anunció su deseo de renunciar al jurado, ya se habían seleccionado por sorteo dos paneles de catorce jurados representativos de la comunidad de Ponce. Que se les había examinado, instruido sobre los preceptos básicos de Derecho <u>y se le había juramentado preliminarmente</u>, conforme lo dispone la Regla 119 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II. R. 119.[2] En específico, el fiscal argumentó que, según la enmienda sufrida por la Regla 111, una vez comenzado el juicio, la renuncia al jurado debía contar con el <u>consentimiento</u> del Ministerio Público. En fin, sostuvo, que por haberse opuesto expresamente a dicho curso de acción en el presente caso, el tribunal no podía ejercer su discreción y autorizar la referida renuncia.

---

[2] La referida Regla sobre el juramento preliminar del jurado dispone que:
    (a) Los jurados deberán prestar juramento, individual o colectivamente según dispusiere el tribunal, de contestar veraz y fielmente todas las preguntas que se les hicieren en relación con su capacidad para actuar como jurado.
    (b) El tribunal examinará y formulará al jurado las preguntas pertinentes a su capacidad para actuar. El tribunal permitirá a las partes efectuar un examen adicional a los jurados potenciales.

El foro primario emitió una resolución en la cual expresó que, a la luz de las disposiciones de la Regla 111, ante, y conforme lo resuelto en Pueblo v. Borrero Robles, 113 D.P.R. 387 (1982), entendía que la frase "una vez comenzado el juicio" significaba que se hubiera movido la maquinaria de la justicia en la fecha señalada para la celebración del proceso y que no había que aguardar necesariamente a la juramentación final de todos los jurados para afirmar que se había iniciado el juicio.

Sin embargo, el referido foro indicó que, a pesar que para efectos de la Regla 111 el juicio había comenzado, había accedido, de manera principal, a la petición de renuncia del jurado ya que, tomando en cuenta la totalidad de las circunstancias que rodeaban la renuncia, entendía que no se afectaba el derecho de ambas partes a un juicio justo e imparcial. Por consiguiente, el tribunal de instancia entendió que, en el ejercicio de su discreción, estaba facultado para hacerlo; razón por la cual reiteró su determinación de permitir la renuncia.

Inconforme con la anterior determinación, el Estado presentó, ante el Tribunal de Apelaciones, un recurso de certiorari y una moción en auxilio de su jurisdicción. El foro apelativo intermedio denegó la expedición del recurso. El referido foro fundamentó dicha denegatoria al interpretar la Regla 111, ante, a los efectos de que la determinación final de acceder a la renuncia al derecho a juicio por jurado, una vez comenzado el juicio, era

discrecional del juez y que la misma únicamente requería que "se tomara en cuenta la posición del Ministerio Público al respecto". A esos efectos expresó que "el juez retiene la discreción para autorizar la renuncia al jurado, aunque el fiscal se oponga".

Inconforme, el Ministerio Público acudió ante este Tribunal mediante recurso de *certiorari*. Alegó que el tribunal apelativo intermedio incidió:

> al obviar el texto de la Regla 111 de Procedimiento Criminal, la cual, una vez comienza el juicio, requiere el consentimiento del Ministerio Público previo a que se conceda autorización judicial a una solicitud de renuncia del acusado al juicio por jurado, requisito que este Tribunal expresamente reconoció y validó frente a un ataque constitucional.

Examinado el recurso de certiorari y una "Moción Urgente en Solicitud de Resolución Expedita", expedimos el auto solicitado.

I

A la luz de las disposiciones de la Regla 111 de Procedimiento Criminal, y de los hechos particulares del presente caso, son dos las interrogantes que debemos contestar, a saber: ¿cuándo se entiende "comenzado" un proceso criminal? y ¿puede un juez --en el ejercicio de su discreción-- autorizar una solicitud de renuncia a juicio por jurado, hecha por el imputado ya "comenzado" el juicio, a pesar de que el ministerio fiscal se oponga a la misma? Veamos.

II

Como es sabido, nuestra jurisprudencia ha establecido dos momentos distintos con el propósito de determinar cuándo se entiende "comenzado" un proceso criminal: uno en relación con la Regla 111 de Procedimiento Criminal y, el segundo, en relación con la aplicación de la doctrina sobre doble exposición. En cuanto a esta última situación, establecimos que se entiende que una persona se encuentra expuesta a un nuevo procedimiento penal y, por ello, sujeta a ser procesada dos veces por el mismo delito, cuando se le toma el juramento definitivo al jurado, en casos por jurado, y, en casos por tribunal de derecho, cuando se le toma juramento al primer testigo. Pueblo v. Martínez Torres, 126 D.P.R. 561, 568 (1990).[3]

En lo que respecta a la antes citada Regla 111, en Pueblo v. Borrero Robles, 113 D.P.R. 387, 393 (192) --sin citar autoridad o jurisprudencia alguna en apoyo de ello-- expresamos que "… la frase 'el comienzo del juicio' significa que se haya movido la maquinaria de la justicia en la fecha señalada para la celebración del proceso. No hay que aguardar necesariamente a la desinsaculación y juramentación final de todos los jurados par afirmar que se ha iniciado el juicio. Basta con que se haya tomado el

---

[3] Citando a D. Nevares-Muñiz, Sumario de Derecho Procesal Penal Puertorriqueño, 3ra ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1989, pág. 113.

juramento preliminar que ordena la Regla 119." (Énfasis suplido).[4]

Curiosamente, y a renglón seguido, expresamos en Borrero Robles, ante, que respecto "…al comienzo del juicio, para fines de la doctrina de la doble exposición, véase: Crist v. Bretz, 437 US 28 (1978)". De manera pues que el Tribunal --por lo menos, en ese momento-- entendió procedente establecer dos momentos, o dos definiciones, distintas para el término "comienzo" del juicio. Qué razonamiento llevó al Tribunal a así establecerlo, no lo sabemos. No se dio explicación alguna al respecto.

Realmente, no encontramos razón lógica alguna para mantener la presente situación, esto es, para que en nuestro ordenamiento jurídico co-existan dos momentos distintos sobre cuándo se entiende "comenzado" un proceso criminal. Somos del criterio que tanto para efectos de la Regla 111 de Procedimiento Criminal, como para la aplicación de la doctrina sobre doble exposición, el juicio por jurado se debe entender comenzado al juramentarse definitivamente el jurado que, como juzgador de los hechos,

---

[4] En Crist v. Bretz ante, el Tribunal Supremo de los Estados Unidos resolvió, en síntesis, que la prohibición contra la doble exposición, contenida en la Enmienda Quinta de la Constitución federal --la cual se aplica a los Estados a través de la Enmienda Catorce de la referida Constitución-- incluye o comprende lo dispuesto en las Reglas de Procedimiento Criminal federales a los efectos de que se entiende que un juicio criminal ha "comenzado" cuando se juramenta definitivamente el jurado que va a intervenir como tal en el juicio.

decidirá si el imputado es culpable, o no, de los hechos que se le imputan.

III

Luego de la enmienda de la cual fue objeto en el año 1986[5], la Regla 111 de las de Procedimiento Criminal establece que:

> Las cuestiones de hecho en casos de delito grave y, salvo lo dispuesto en leyes especiales, en casos de delito menos grave siempre que originalmente se presentare la acusación en el Tribunal de Primera Instancia y fueren también de la competencia del Tribunal de Distrito habrán de ser juzgadas por el jurado a menos que el acusado renunciare expresa, inteligente y personalmente al derecho a juicio por jurado. Antes de aceptar la renuncia de un acusado a su derecho a juicio por jurado, el juez de instancia tiene la obligación de explicar al acusado lo que significa la renuncia de dicho derecho y de apercibirle de las consecuencias del mismo.
>
> El tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de la acusación. Si la renuncia al jurado se produce una vez comenzado el juicio, es discrecional del juez que preside el juicio el acceder a que el mismo continúe por tribunal de derecho con el consentimiento del Ministerio Público. (Énfasis suplido).

La enmienda del 1986 se circunscribió, de manera principal, a requerir el "consentimiento" del ministerio público en la situación en que, luego de "comenzado" el juicio, el acusado solicite renunciar al jurado. Un examen del historial legislativo del proyecto de ley --el P. de la C. 699-- que culminó en la Ley Núm. 8 de 1986,

---

[5] Mediante la Ley Núm. 86 del 9 de julio de 1986.

demuestra que el mismo proponía, <u>inicialmente</u>, que la renuncia del acusado a un juicio por jurado, luego de "comenzado" el juicio, debía hacerse por escrito, con la aprobación del Tribunal, y el consentimiento del Ministerio Público.

A esos efectos, el texto propuesto <u>disponía</u> que:

> Las cuestiones de hecho en casos de delito grave y, salvo lo dispuesto en leyes especiales, en casos de delito menos grave, siempre que originalmente se presentare la acusación en el Tribunal Superior y fuere también de la jurisdicción del Tribunal de Distrito, habrán de ser juzgadas por el jurado a menos que el acusado renunciare expresa y personalmente el derecho a juicio por jurado. <u>Una vez comenzado el juicio la renuncia se hará por escrito, con la aprobación del tribunal y el consentimiento del Ministerio Público</u>. El tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de la acusación.

La Comisión de lo Jurídico del Senado, estudió el texto propuesto para la enmienda a la Regla 111 y recomendó su aprobación. <u>Ello no obstante</u>, incluyó otras enmiendas; entre ellas, que el último párrafo de la Regla 111, leyera de la siguiente forma:

> "El tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de la acusación. Si la renuncia al jurado se produce una vez comenzado el juicio, es discrecional del juez que preside el juicio el acceder a que el mismo continúe por tribunal de derecho, **previa audiencia al Ministerio Público**."

En dicho Informe, la referida Comisión del Senado expresó, que a pesar que nuestra Regla 111 tenía como precedente inmediato la Regla 23(a) federal, entre ambas

jurisdicciones existían diferencias fundamentales en las interpretaciones del derecho que éstas entrañaban, siendo una de ellas que en nuestra jurisdicción se reconocía un derecho absoluto del acusado de renunciar a su derecho al juicio por jurado antes del comienzo del juicio; y la otra, a los efectos de que el requerir el consentimiento del fiscal para aceptar una renuncia a dicho derecho era un principio ajeno a nuestro ordenamiento jurídico.

A esos efectos, la referida Comisión expuso lo siguiente:

> "El consentimiento del Estado no debe ser un factor determinante en la concesión o denegación de la solicitud del acusado de renunciar a su derecho a juicio por jurado una vez comenzado el proceso, sino que, dentro de la facultad discrecional del magistrado ante el cual se ve la causa, considerará las contenciones del Ministerio Público, sobre la petición que se formula.
>
> El requisito de que se exija el consentimiento del estado limita la discreción judicial."

Indicó la mencionada Comisión que entendía necesario enmendar la medida sustituyendo el requisito de la autorización del fiscal, por una audiencia previa, en la cual el Ministerio Público tuviera la oportunidad de exponer ante el Magistrado sus contenciones para que se concediera o no la petición del acusado de renunciar a su derecho por jurado.

Por su parte, la Comisión de lo Jurídico de la Cámara de Representantes, indicó que la medida equiparaba nuestra regla a la Regla 23 de Procedimiento Criminal Federal, en

la cual la renuncia a juicio por jurado estaba condicionada a que la hiciera el acusado por escrito con el consentimiento del tribunal y el fiscal. En el informe que rindiera dicha Comisión se concluyó que, "si a la intervención activa y vigilante del juez se le suma el requerimiento adicional del consentimiento del fiscal, así como el aspecto procesal de que la renuncia se haga por escrito, resulta forzoso concluir que la propuesta enmienda satisface las salvaguardas constitucionales que se han venido sosteniendo doctrinalmente ante la insuficiencia del texto de dicha Regla 111."

Finalmente, en el Memorial Explicativo del P. de la C. 699, se expresa que el consentimiento del Ministerio Público, como requisito para que se acceda a la solicitud de renuncia a juicio por jurado en la etapa en que ya ha comenzado el proceso, tiene como objeto proteger debidamente a la sociedad. Citando el caso de Singer v. U.S., 380 U.S. 24 (1965) --con respecto a la exigencia de la aprobación del Fiscal-- se expresó que:

> "No encontramos ningún impedimento constitucional a que se condicione a la aprobación del fiscal y del juez la renuncia a su derecho a juicio por jurado cuando, de negarse alguno de éstos, lo que resulta es simplemente que el acusado se habrá de someter a un juicio por jurado imparcial –precisamente lo que la Constitución le garantiza".

A raíz de las discrepancias surgidas entre las Comisiones de lo Jurídico del Senado y la Cámara de Represetes se designó una Comisión de Conferencia para

recomendar enmiendas al P. de la C. 699. En el informe que ésta remitiera a la Asamblea Legislativa, la referida Comisión recomendó su aprobación con varias enmiendas. En lo pertinente a la renuncia al derecho al juicio por jurado, la Comisión de Conferencia recomendó que aquella parte que leía "…luego de comenzado el juicio, será discrecional del juez concederla, previa audiencia al Ministerio Público", fuese sustituida por "luego de comenzado el juicio, el juez goza de discreción para permitir o no que el proceso continúe ante tribunal de derecho, con el consentimiento del Ministerio Público". (Énfasis suplido).

En esencia, así se acogió y quedó finalmente aprobada la enmienda a la Regla 111. No hubo debates en el hemiciclo sobre la misma. A pesar de que del antes señalado historial no surge, de manera expresa, expresión o debate alguno sobre si, "comenzado" el juicio, la oposición del fiscal a una solicitud de renuncia al jurado es, o no, determinante, somos del criterio que de dicho historial razonablemente se puede inferir o concluir que la intención legislativa fue que la negativa del fiscal es definitiva; esto es, que una vez el ministerio fiscal se opone a la mencionada solicitud, el juicio debe continuar dilucidándose ante jurado.[6]

---

[6] Debe mantenerse presente que, desde el punto de vista constitucional, no existe impedimento alguno para que el legislador reglamente la materia de la renuncia al derecho

(Continúa . . .)

El Tribunal Supremo de los Estados Unidos --interpretando la Regla 23(a) de Procedimiento Criminal federal, la cual contiene idéntico requisito-- expresó, en Singer v. U.S., ante, en lo pertinente, que:

> The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.

Dicho razonamiento resulta ser altamente convincente. No hay duda de que el Estado tiene un fundamental interés en poner en vigor las leyes penales de nuestro ordenamiento con el propósito de combatir la criminalidad, Pueblo v. Santiago Feliciano, 139 D.P.R. 361 (1995); interés legítimo que ejerce a través del ministerio público, al procesar a todo aquel que alegadamente infringe cualquier ley penal, con el propósito de obtener una convicción mediante un procedimiento justo.

Nuestra Constitución, ciertamente, garantiza el derecho a juicio por jurado en determinadas situaciones. Artículo II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico. Ello no obstante, repetimos, no existe un derecho constitucional a renunciar al jurado.

---

a juicio por jurado por razón de que no existe un derecho constitucional a renunciar a dicho derecho. Singer v. U.S., ante; 3 Wharton's Criminal Procedure, Sec. 436, págs. 209-215; 2 Wright Federal Practice and Procedure: Criminal 2d. sec. 372, págs. 297-304 (1982); Pueblo v. Rivero, Lugo y Almodóvar, 121 D.P.R. 454 (1988).

Ningún imputado de delito, que haya originalmente reclamado su derecho a que sea un jurado el que lo juzgue, puede quejarse de que no se le permita renunciar al jurado que él mismo escogió, a través de su representante legal, por razón de que el fiscal se opone; sobre todo cuando consideramos que, de ordinario, los miembros de un jurado son más propensos a la leniencia que el magistrado que preside el proceso, el cual, no importa que el juicio sea por jurado o por tribunal de derecho, estará siempre presto para resolver las cuestiones de derecho.

En virtud de todo lo antes expuesto, somos del criterio que antes de comenzar el juicio, el acusado tiene un derecho a renunciar al jurado, viniendo el tribunal --luego de cerciorarse que la renuncia se ha hecho de forma voluntaria, inteligentemente y con conocimiento de sus consecuencias-- obligado a aceptar la misma. Ahora bien, luego de comenzado el juicio por jurado --esto es, luego de que los miembros del jurado han sido juramentados en forma definitiva-- para que el juez que preside los procedimientos pueda aceptar dicha renuncia se necesita el consentimiento o anuencia del ministerio fiscal.[7]

---

[7] En Pueblo v. Rivero, Lugo y Almodóvar, ante, luego de resumir nuestra jurisprudencia relativa a la materia en controversia, anterior a la aprobación de la ley que enmendó en el año 1986 la citada Regla 111 de Procedimiento Criminal --Ley Núm. 86 de 9 de julio de 1986-- este Tribunal intimó la norma a la que hoy, de forma expresa, establecemos. En dicha ocasión expresamos, a la página 469, que:

(Continúa . . .)

IV

En el presente caso, tanto el foro primario como el foro apelativo intermedio determinaron que el aceptar la renuncia a un juicio por jurado, después de comenzado el juicio, era una decisión discrecional del juez, <u>sin necesidad</u> de obtener el consentimiento del fiscal para ello. <u>Erraron</u> al así decidir.

Ello no obstante, y debido a los <u>hechos particulares</u> del presente caso, entendemos que la anuencia del fiscal <u>no</u> era necesaria en el mismo. Ello en vista del hecho que, como expresamos al principio, el jurado que fue llamado para intervenir en el caso <u>únicamente</u> había sido juramentado <u>preliminarmente</u>; esto es, <u>no</u> se le había tomado al jurado el juramento <u>definitivo</u>. Siendo ello así, <u>no</u> se requería, repetimos, que el fiscal accediese a dicha renuncia. Confirmaríamos, en consecuencia, <u>y aun cuando por fundamentos distintos</u>, la actuación del Tribunal de Apelaciones en el presente caso.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

---

El aprobar la mencionada Ley Núm. 86, lo que el legislador hasta cierto punto hizo fue "resumir" y plasmar por escrito, incorporándola a la citada Regla 111 de Procedimiento Criminal, la jurisprudencia en general de este Tribunal sobre la materia <u>con la única diferencia de exigir, como requisito, el consentimiento del Ministerio Público</u>. (Énfasis suplido).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Peticionaria

      v.                        CC-2004-479

    Certiorari

Harry Orlando Cruz Giorgi

    Recurrido


Opinión Disidente emitida por el Juez Presidente señor Hernández Denton a la cual se unen las Juezas Asociadas señoras Fiol Matta y Rodríguez Rodríguez


    San Juan, Puerto Rico a 30 de junio de 2006.

    Revocaríamos la decisión del Tribunal de Primera Instancia en el caso de autos. Entendemos que una vez se juramenta preliminarmente al jurado, nuestro ordenamiento procesal requiere la anuencia del Ministerio Público para que el Tribunal pueda válidamente autorizar la renuncia del acusado al juicio por jurado. Por ende, disentimos.


                  I.

    En síntesis, los hechos del presente caso son los siguientes. Se presentaron dos denuncias contra el Sr. Harry Orlando Cruz Giorgi por unas alegadas infracciones al Art. 401 de la Ley de Sustancias Controladas de

Puerto Rico, 25 L.P.R.A. sec. 2401. Se le imputó al señor Cruz Giorgi poseer, con intención de distribuir, la sustancia controlada conocida como marihuana. Se le imputó además conspirar con el propósito de distribuir la mencionada sustancia controlada. Posteriormente, el Ministerio Público presentó las acusaciones correspondientes.

El señor Cruz Giorgi ejerció su derecho a ser juzgado por un jurado. Luego de varios incidentes procesales, el 14 de abril de 2004 el caso quedó señalado para la desinsaculación del jurado. En esa fecha, se le tomó el juramento preliminar a los candidatos a jurados y el Ministerio Público realizó las preguntas generales relacionadas a su capacidad para actuar como jurados. Además, se les presentaron los testigos y se les impartió las instrucciones generales sobre la presunción de inocencia, el silencio del acusado y la duda razonable.

El tribunal señaló la continuación de la desinsaculación del jurado para el 26 de abril de 2004. Llegada la fecha señalada, la defensa informó al tribunal que su cliente había decidido renunciar al jurado y solicitó que el proceso continuara por tribunal de derecho. Adujo que conforme a lo dispuesto en la Regla 111 de Procedimiento Criminal, el acusado todavía estaba facultado para renunciar al jurado puesto que, para efectos de la citada regla, el juicio no había comenzado.

El Ministerio Público se opuso expresamente a la solicitud del señor Cruz Giorgi.

El foro de instancia, luego de examinar los planteamientos de las partes, declaró con lugar la solicitud de renuncia al jurado y ordenó que los procedimientos continuaran ante tribunal de derecho. Inconforme, el Ministerio Público solicitó la reconsideración del anterior dictamen. Argumentó que, en la etapa en que se encontraban los procedimientos y ante la oposición del Ministerio Público, el tribunal no tenía discreción para autorizar la solicitud de renuncia al juicio por jurado.

El tribunal denegó la moción de reconsideración presentada por el Ministerio Público. Inconforme, el Procurador General, acudió ante el Tribunal de Apelaciones. Dicho foro denegó la expedición del auto solicitado.

Oportunamente, el Procurador General acude ante nos y le imputa a los foros inferiores haber errado al autorizar la renuncia del señor Cruz Giorgi al juicio por jurado.

La Opinión Concurrente expone que para efectos de la Regla 111 de Procedimiento Criminal, *supra*, el juicio comienza al jurarse definitivamente al jurado y, a partir de ese momento, una solicitud de renuncia al jurado debe contar con el consentimiento del Ministerio Público. En vista de que en el presente caso, todavía no se le había

tomado el juramento definitivo al jurado, la Opinión Concurrente concluye que no era necesario el consentimiento del fiscal para que el tribunal autorizara la petición del señor Cruz Giorgi. En consecuencia, razona que actuó correctamente el foro de instancia al aceptar la renuncia al jurado ante la oposición del Ministerio Público.

Examinado el trasfondo fáctico del presente caso, pasemos a analizar el derecho aplicable.

II.

A.

La Regla 111 de Procedimiento Criminal, *supra*, establece que una vez comenzado el juicio, se requiere el consentimiento del Ministerio Público para que el tribunal pueda válidamente autorizar la renuncia del acusado a su derecho a juicio por jurado.

En *Pueblo v. Borrero Robles, supra*, específicamente tuvimos la oportunidad de delimitar cuándo es que comienza el juicio para propósitos de la mencionada regla. Allí resolvimos:

> "…la frase "comienzo del juicio" significa que se haya movido la maquinaria de la justicia en la fecha señalada para la celebración del proceso. No hay que aguardar necesariamente a la desinsaculación y juramentación final de todos los jurados para afirmar que se ha iniciado el juicio. **Basta con que se haya tomado el juramento preliminar que ordena la Regla 119.** Respecto al comienzo del juicio para fines de la doctrina de la doble exposición, véase

> *Crist v. Bretz*, 437 U.S. 28.    *Id*
> (énfasis suplido).

Conforme a lo allí establecido, una vez se le toma el juramento <u>preliminar</u> a los miembros del jurado, el acusado pierde su derecho absoluto a renunciar a su derecho a juicio por jurado y el juez que preside el juicio tiene discreción para permitir o no que el juicio continúe por tribunal de derecho.

Ahora bien, cuatro años después de haber resuelto *Borrero Robles*, mediante la Ley Núm. 86 del 9 de julio de 1986, la Asamblea Legislativa enmendó la Regla 111 de Procedimiento Criminal a los fines de limitar su alcance y requerir expresamente el consentimiento del Ministerio Público para que el tribunal pueda aprobar la renuncia al juicio por jurado luego de comenzado el juicio. Dicha disposición estatutaria lee, en lo aquí pertinente, como sigue:

> Las cuestiones de hecho en casos de delito grave[…] habrán de ser juzgadas por el jurado a menos que el acusado renunciare expresa, inteligente y personalmente al derecho a juicio por jurado. Antes de aceptar la renuncia de un acusado a su derecho a juicio por jurado, el juez de instancia tiene la obligación de explicar al acusado lo que significa la renuncia de dicho derecho y de apercibirle de las consecuencias del mismo.
>
> El Tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de acusación. Si la renuncia al jurado se produce **una vez comenzado el juicio,** es discrecional del juez que preside el juicio el acceder a que el mismo continúe por tribunal de derecho **con el**

> **consentimiento del Ministerio Público.**
> (Énfasis suplido). 34 L.P.R.A. Ap. II
> R. 111.

La antes citada norma jurídica fue enmendada a los fines de disponer que la renuncia del acusado a su derecho a juicio por jurado luego de comenzado el juicio requiriese el consentimiento del Ministerio Público. Así surge de la Exposición de Motivos de la Ley Núm. 86, Leyes de Puerto Rico, 1986, pág. 282, a los efectos de que "…estamos requiriendo que para proteger debidamente a la sociedad sea necesario el consentimiento del Ministerio Público, **sin el cual el tribunal no podrá aprobar la renuncia al juicio por jurado una vez comenzado el juicio**".

Posteriormente, en *Pueblo v. Rivero, Lugo y Almodóvar* expresamente reconocimos la validez constitucional de la enmienda a la Regla 111. A esos efectos, sostuvimos que:

> Al aprobar la mencionada Ley Núm. 86, lo que el legislador hasta cierto punto hizo fue **"resumir" y plasmar por escrito**, **incorporándola a la citada Regla 111 de Procedimiento Criminal**, la jurisprudencia en general de este Tribunal sobre la materia con la **única** diferencia de exigir, como requisito, el consentimiento del Ministerio Público. *Pueblo v. Rivero, Lugo y Almodóvar*, 121 D.P.R. 454, 469. (Énfasis suplido).

Como vemos, en el antes citado caso afirmamos que la enmienda a la Regla 111 se adoptó con el propósito de incorporar la doctrina prevaleciente en ese momento sobre la renuncia al juicio por jurado. En vista de ello, la

Regla 111 se debe interpretar a la luz de lo resuelto en *Borrero Robles.*

B.

Anteriormente hemos mencionado que el ejercicio de interpretación estatutaria requiere que indaguemos la intención legislativa a través del análisis del historial legislativo de la ley, de su exposición de motivos, de los diversos informes de las comisiones de las Cámaras, o de los debates celebrados en el hemiciclo. *Ortiz López v. Municipio de San Juan,* res. el 20 de abril de 2006, 2006 TSPR 64, 167 D.P.R.___ (2006), *Vicenti Damiani v. Saldaña Acha*, res. el 16 de mayo de 2002, 2002 TSPR 66. De igual forma, al interpretar una enmienda a una ley, debemos presumir que la Asamblea Legislativa estaba consciente de la interpretación de la ley original y quiso limitar deliberadamente su alcance mediante la enmienda. *Ortiz López v. Municipio de San Juan, supra,* citando a 1A Sutherland, *Statutes and Statutory Construction*, Sec. 22:30, págs. 361-368 (6ta ed. 2002).

De conformidad con lo anterior, al examinar el historial legislativo de la antes citada enmienda, vemos que el propósito de la misma fue exigir expresamente el consentimiento del Ministerio Público para que el tribunal pueda válidamente aprobar una solicitud de renuncia al jurado luego de comenzado el proceso criminal. Surge claramente de dicho historial y de los informes de las comisiones de ambas cámaras que la

Asamblea Legislativa tuvo la intención de incorporar la doctrina establecida por el Tribunal Supremo sobre el derecho a juicio por jurado a las Reglas de Procedimiento Criminal, incluyendo lo resuelto en *Borrero Robles*.[8] Por consiguiente, al interpretar la referida enmienda, debemos continuar brindándole a la frase "comienzo del juicio" el mismo significado que le dimos en *Borrero Robles*, tal y como lo consideró el legislador.

Además, como mencionamos en la sección anterior, un análisis de la exposición de motivos de la aludida enmienda revela que el propósito del legislador fue proteger, no solo los derechos del acusado, sino también a la sociedad y al pueblo de Puerto Rico. *Véase* Exposición de Motivos de la Ley Nun. 86, Leyes de Puerto Rico, 1986, pág. 282. El Ministerio Público, como parte litigante en el proceso criminal, tiene también un interés en procurar que los casos se juzguen ante un jurado, ya que la Constitución lo considera como el método que con mayor probabilidad producirá un resultado más justo. *Singer v. United States*, 380 U.S. 24 (1965). Al enmendar la Regla 111, la Asamblea Legislativa le reconoció al Ministerio Público un derecho que antes no

---

[8] A modo de ejemplo, el Informe de la Comisión de lo Jurídico de la Cámara de Representantes sobre el P. de la C. 669 del 3 de abril de 1986 establece: "en adición a **incorporar la doctrina establecida por el Tribunal Supremo de Puerto Rico**, la medida equipara nuestra regla a la Regla 23 de Procedimiento Penal Federal en la cual la renuncia a juicio por jurado está condicionada a que la haga el acusado por escrito con consentimiento del tribunal y el fiscal" (énfasis suplido).

tenía– el derecho a que se requiera su consentimiento para que el tribunal pueda aceptar la renuncia del acusado al juicio por jurado.

No obstante lo anterior, la Opinión Concurrente tendría el efecto de permitir que el acusado, luego de que se haya incurrido en gastos y esfuerzos del Estado para seleccionar un jurado, renuncie al mismo y exija que el procedimiento continúe ante tribunal de derecho. Ello equivaldría a concederle al acusado el derecho a una "super-recusación perentoria", ya que éste podría, una vez haya agotado todas sus recusaciones perentorias, renunciar al jurado si no está satisfecho con su composición.

Por otra parte, existen consideraciones de sana administración de la justicia que motivan un resultado opuesto al que propone la Opinión Concurrente en este caso. Sobre este particular, la Ley de la Administración del Servicio de Jurado dispone que "una vez [la persona citada para servir como jurado] haya cumplido con su obligación de servir como jurado un día o un juicio, o haya sido relevada del servicio de jurado, no podrá ser citada nuevamente para servir como jurado hasta tanto haya transcurrido un plazo de cinco (5) años". 34 L.P.R.A. sec. 1735(f). En vista de ello, si interpretamos liberalmente la Regla 111 de manera que fomentemos que el acusado renuncie al jurado después que haya comenzado el proceso *voir dire*, estaríamos agravando

el ya existente problema de disponibilidad de personas elegibles para servir como jurado.

### III.

En el caso de autos, el 14 de abril de 2004 se le tomó el juramento preliminar a los prospectos jurados, según dispuesto en la Regla 119 de Procedimiento Crimial, 34 L.P.R.A. Ap. II R. 119. No fue hasta la siguiente vista programada para la desinsaculación del jurado, el día 26 de abril de 2004, que el señor Cruz Girogi solicitó al tribunal que le permitiera renunciar a su derecho a juicio por jurado.

A la luz de la normativa antes expuesta, al momento en que el Sr. Cruz Giorgi manifestó su interés de renunciar al jurado, ya el juicio había comenzado para efectos de la Regla 111. Por ello, era necesario el consentimiento del Ministerio Público para que el Tribunal pudiera conceder la petición del Sr. Cruz Giorgi. Ante la oposición del Ministerio Público, el Tribunal carecía de discreción en este caso para conceder la renuncia al juicio por jurado.

### IV.

Por las razones antes expuestas, revocaríamos la resolución dictada por el Tribunal de Apelaciones y devolveríamos el caso al foro de instancia para la continuación de la desinsaculación del jurado.

Federico Hernández-Denton
Juez Presidente